ALMIRA J. STETSON *vs.* INHABITANTS OF MEDFORD.

This court has no jurisdiction to revise a decision of the superior court allowing a motion to set aside the verdict of a sheriff's jury as against the weight of evidence.

COLT, J. The sheriff reports all the evidence which was before a jury called to estimate the petitioner's damages occasioned by the location of a town way over her land. Upon this evidence, the jury were told by him that, if they should find the petitioner had waived her claim to damages, the verdict must be for the respondents. The verdict was for the respondents, and having been returned to the superior court, the petitioner moved to set it aside and for a new trial, on the ground that it was against the weight of evidence, and that there was no sufficient evidence to warrant the finding of a waiver. Upon this motion the verdict was set aside, and the respondents appeal to this court. No exceptions were taken at the trial, and the only question is on the motion for a new trial.

The superior court has authority, " for good cause shown," to set aside verdicts in cases of this kind ; Gen. Sts. *c.* 43, § 40 ; and the power to set aside the verdict of a sheriff's jury on the ground that it is against the weight of evidence was directly sanctioned in the case of *Fitchburg Railroad Co.* v. *Eastern Railroad Co.* 6 Allen, 98.

It does not follow, however, that this court has power to revise the decision of the court below upon such a motion ; and although both parties seem to have assumed that we have jurisdiction, yet it is well settled that on a motion for a new trial, when the verdict is set aside as against the weight of evidence, the decision of the superior court is final. It is a matter within the judicial discretion of the court to whom such motion is addressed, upon which no question of law is raised. *Lowell Gas Light Co.* v. *Bean*, 1 Allen, 274. *Judgment of the superior court affirmed.*

*C Robinson, Jr.*, for the respondents.

*D. S. Richardson & G. F. Richardson*, for the petitioner.