## THOMAS BRADY *vs.* AMERICAN PRINT WORKS.

Bristol.   October 29, 1875.   WELLS & MORTON, JJ., absent.

Under the Gen. Sts. *c.* 43, § 40, authorizing the Superior Court to set aside the verdict of a sheriff's jury for "good cause," the question whether, upon the proof of the irregular and improper conduct of the officer having the jury in charge, the verdict should be set aside or accepted by the Superior Court, is within the discretion of the presiding judge, and to the exercise of that discretion no exception lies.

COMPLAINT under the mill act, Gen. Sts. *c.* 149.   Trial before a sheriff's jury, who returned a verdict for the petitioner, which verdict was certified to the Superior Court.   In that court, the respondent moved to set aside the verdict, " because the deputy in charge of said jury entered the room where they were deliberating before they had agreed and sealed up their verdict." *Wilkinson*, J., allowed a bill of exceptions in substance as follows:

It appeared that the deputy sheriff, who was left in charge of the jury, went into the room where they were, and while they were deliberating upon their verdict; that the room occupied by them was a large one, and that the officer stepped in for the purpose of warming himself, and sat a few minutes by a stove in the room ; that he left the room before they had agreed upon a verdict, and had no conversation with any of said jurors while he was in the room ; that as he was entering the room, the foreman asked him if the sheriff had gone, and he answered yes ; that the foreman asked him " Who is going to give us instruction if we want any ? " and he made no answer to this question.

The court thereupon ordered the verdict to be set aside, and the petitioner alleged exceptions.

*E. H. Bennett & H. J. Fuller*, for the petitioner. The acts of the deputy do not constitute any "good cause" for setting the verdict aside. There was no officious intermeddling by him, nor was the respondent in the least degree injured. *Leach* v. *Wilbur*, 9 Allen, 212. *Tripp* v. *County Commissioners*, 2 Allen, 556. *Commonwealth* v. *Roby*, 12 Pick. 496, 519.

*J. M. Morton, Jr.*, for the respondent, was not called upon.

BY THE COURT. The Superior Court is authorized by statute to set aside the verdict of a sheriff's jury for "good cause." Gen. Sts. *c.* 43, § 40 ; *c.* 149, §§ 13, 14. The question whether, upon the proof of the irregular and improper conduct of the officer, such an interference with the deliberations of the jury was to be inferred, as required the verdict to be set aside, was a question of fact, largely depending upon the credit given to witnesses, and addressed exclusively to the discretion of the presiding judge ; and the exercise of that discretion, not appearing to have involved any ruling in matter of law, is not subject to revision, whether the verdict is set aside or accepted. *Norton* v. *Wilbur*, 5 Gray, 7. *Shea* v. *Lawrence*, 1 Allen, 167. *Tripp* v. *County Commissioners*, 2 Allen, 556. *Leach* v. *Wilbur*, 9 Allen, 212. *Stetson* v. *Medford*, 109 Mass. 242.

*Judgment setting aside the verdict affirmed.*