WAMESIT POWER COMPANY *vs.* LOWELL & ANDOVER
RAILROAD COMPANY.

Middlesex.  Jan. 11.—Feb. 25, 1881.  COLT & FIELD, JJ., absent.

The Superior Court may, in its discretion, under the Gen. Sts. *c.* 43, § 40, set aside
a verdict of a sheriff's jury on a petition for damages for land taken for a
railroad, where questions of law are reserved at the trial, and fail to be cer-
tified to the court by reason of the death of the officer presiding at the trial,
and without any fault of the party requesting such questions to be certified;
and no exception lies to an order made in the exercise of this discretion. But
where a judge does not exercise his discretion, and rules, as matter of law, upon
the evidence, that a party is entitled to a new trial, his ruling may be revised
by this court on a bill of exceptions.

PETITION to the county commissioners for a jury to assess
damages for the taking of land for the construction of the re-
spondent's railroad. The county commissioners, at the time of
issuing their warrant for a jury, at the request of the parties,
under the Gen. Sts. *c.* 43, § 32, appointed Benjamin F. Thomas,
Esquire, as a suitable person to preside at the trial. The trial
was concluded on December 18, 1876, and a verdict was duly
rendered, which was returned to the next term of the Superior
Court, namely, on March 26, 1877, and was filed. At the same
time, an agreement, signed by the counsel of the respective par-
ties, was filed, that the case might stand continued *nisi* for a
report of the presiding officer; and an entry to this effect was
made on the docket. The case remained so continued from term
to term until March term 1880, without further action, when
the petitioner moved that the verdict be set aside, and further
proceedings had as if there had been no trial.

At the hearing of this motion, before *Pitman*, J., it appeared
that during the trial various rulings were made in relation to the
admissibility of evidence, to which the petitioner duly excepted;
that at the conclusion, and before the charge by the presiding
officer, the petitioner prepared certain requests in writing, which
were refused, and that certain rulings were made to which the
petitioner objected, and that it duly excepted to the refusals to
rule and to the rulings, and requested that a report be made
thereof to the court; and that the respondent duly saved certain

exceptions, which it was understood were to be embraced in the report.

No certificate of the presiding officer containing the substance of any decision or direction by him given during the trial, and no certificate or memorandum of his in any way relating thereto, was on file or among the papers in court.

There was evidence that Mr. Thomas, who died on September 27, 1878, had made a report of his charge, and had given it to the sheriff of Middlesex county, who had died before this hearing. Among the papers left by Mr. Thomas were found and produced in court the petitioner's draft of exceptions, the respondent's exceptions, two copies of his own charge, the petitioner's prayers for instructions and the respondent's prayers for the same, but nothing else.

Much evidence was offered by each side as to the cause of the delay in the preparation of the report. It appeared that sometime in the fall of 1877 the parties had a hearing upon their respective drafts of the report, before Mr. Thomas, and it was then agreed that certain other evidence should be written out from the stenographer's minutes and furnished to Mr. Thomas.

The judge was not satisfied that this desired evidence ever was furnished, but did not consider this material, nor did he consider it material to decide as to the relative laches of the respective parties, because he was of opinion that, pending the continuance of the agreement that the case should stand continued for report, neither party could gain any rights against the other.

Upon the foregoing facts, the judge held that he was bound, as a matter of law, to grant the motion of the petitioner, and ordered the verdict to be set aside. The respondent alleged exceptions.

*T. H. Sweetser & G. A. A. Pevey*, (*J. Davis* with them,) for the respondent.

*B. F. Butler & J. F. McEvoy*, for the petitioner.

GRAY, C. J. The proceedings for the assessment of the petitioner's damages by a jury were governed by the provisions of the highway act. Gen. Sts. c. 63, § 22. By those provisions, it is the duty of the officer presiding at the trial before the sheriff's jury to decide all questions of law arising at that trial

which would be proper for the decision of a judge; to direct the jury upon any question of law, if requested by either party; and, if requested, to certify to the Superior Court with the verdict the substance of any decision or direction by him given; and that court may set aside the verdict "for good cause." Gen. Sts. *c.* 43, §§ 32, 33, 40. When questions of law reserved at a trial fail to be reported to the court having jurisdiction to revise them, by reason of the death or resignation of the judge or officer presiding at the trial, and without any fault of the party, it is good cause for a new trial; and an order made by the court in the exercise of its discretion, granting a new trial under such circumstances, cannot be reversed on bill of exceptions. *Walker* v. *Boston & Maine Railroad,* 3 Cush. 1, 16. *Borrowscale* v. *Bosworth,* 98 Mass. 34. *Brady* v. *American Print Works,* 119 Mass. 98. *New York Ins. Co.* v. *Wilson,* 8 Pet. 291.

In the case before us, each party requested the presiding officer to reserve and report to the court his decisions upon certain questions of law arising at the trial; and, on the day on which the verdict was returned to the court, the counsel of both parties signed and filed an agreement that the case might "stand continued *nisi* for a report of the presiding officer." Each of the parties made a draft of the report, and they were heard thereon by the presiding officer; but he died eighteen months after the return of the verdict, without having filed his report. Upon these facts, it was clearly within the discretion of the judge presiding in the Superior Court to set aside the verdict and grant a new trial. But we cannot concur in his opinion that more than two years after the term to which the case was originally continued *nisi* for a report, and without considering the evidence offered of the relative laches of the parties, he was bound, as a matter of law, to order a new trial. As he appears to have so ruled as matter of law, without exercising any discretion, the exceptions to his order must be sustained, and the motion for a new trial stand for

*Further hearing in the Superior Court.*