REBECCA F. COFFING *vs.* JOHN L. DODGE.

Berkshire.    September 14, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*New Trial — Verdict — Rule of Superior Court — Action — Contract — Instructions — Statute of Limitations.*

If a bill of exceptions does not disclose what evidence, if any, was produced at the hearing of a motion for a new trial, made upon the ground that the jury in assessing damages for the plaintiff did not adopt the rule given by the judge in his instructions, and shows that the judge ordered the verdict to be set aside unless the plaintiff would remit a certain sum, which remittitur was made, and does not disclose that the defendant requested any rulings of law or excepted to any given by the judge, the exception alleged on the ground that he was entitled to a new trial as a matter of right will be overruled.

Whether the 45th Rule of the Superior Court, allowing a general verdict to be amended and entered upon one of several counts, is applicable to a case where the declaration contains several counts which are good and are not for the same cause of action, *quære.*

In an action for breach of a contract to invest the plaintiff's money safely, for fraudulent representations as to the investment, and for negligence in such investment, it appeared that the plaintiff, having a less sum in the bank than the whole amount dealt with in the alleged contract, was asked by the defendant if she did not wish to invest her money, and she replied that she did and asked him to get for her some of the investments which he had described to her; that when, from time to time after this interview, he notified her that he had securities for her, she gave him bank checks, sometimes for amounts larger than the face of the securities, until the whole face amount of the securities and of the bank checks was a certain sum on a day named, and that only one of these investments was made within six years next before the date of the writ. *Held,* that instructions which allowed the jury to find that there was an entire contract to invest the whole sum, which was not to be completed until after the date so named, were erroneous.

At the trial of an action for breach of a contract to invest the plaintiff's money safely, for fraudulent representations as to the investment, and for negligence in such investment, the defence to which is the statute of limitations, if there is

no evidence of any concealment of the cause of action by the defendant, except his failure to disclose from the outset certain matters which it is contended the relation in which he stood to the plaintiff made it his duty to disclose, instructions from which the jury must have understood that their finding upon this matter should be in favor of the defendant, unless they found that he had fraudulently concealed from the plaintiff his cause of action, are not open to objection.

CONTRACT, for breach of a contract to invest the plaintiff's money safely, with counts in tort for fraudulent representations as to the investment, and for negligence in such investment. The answer, among other defences, set up the statute of limitations. After the former decision, reported 167 Mass. 231, the case was tried in the Superior Court, before *Hardy*, J.

The jury returned a verdict for the plaintiff in the sum of $8,948.20; and the defendant alleged exceptions, which appear in the opinion.

*M. Wilcox*, (*F. H. Wright* with him,) for the defendant.

*G. C. Warner*, (*H. C. Joyner* with him,) for the plaintiff.

BARKER, J. 1. The defendant, after verdict, moved for a new trial, alleging that in the assessment of damages the jury did not adopt the rule given by the court, but some rule inconsistent with the instructions, and so rendered a verdict in excess of the amount authorized by their instructions. Upon the hearing of this motion the court ordered the verdict to be set aside unless the plaintiff should remit the sum of $1,500, and that, if the defendant should waive his exceptions taken at the trial, the verdict should be set aside unless the plaintiff remitted $1,800. The defendant declined to waive his exceptions, and the plaintiff remitted the $1,500, and the defendant excepted to the order of the court, because he was not allowed a new trial as a matter of right.

The allegations of the motion for a new trial were allegations of fact. The bill of exceptions does not disclose what evidence if any was produced at the hearing of the motion, and we may assume that it consisted only of calculations similar to those in the defendant's brief, which purport to show that, if the jury allowed damages upon all the transactions for which they could assess damages, their verdict was in excess of any amount which could be found by applying to the evidence the instructions of the court. The order to remit from the verdict shows that in

the opinion of the presiding justice the jury erred. But it is not shown whether this error came from their mistake, either as to the evidence or in following the rule. It does not appear that they wilfully disregarded their instructions. The bill of exceptions does not disclose that, upon the motion for a new trial, the defendant requested any rulings of law, or excepted to any given by the court. This court, upon exceptions, cannot revise the discretion of the Superior Court in granting new trials, and can revise only their rulings of law. Assuming that the court refused to rule that the defendant was entitled to a new trial as matter of right, and assuming, without deciding, that proof that the jury adopted a rule of damages inconsistent with the instructions would entitle the defendant to a new trial as matter of right, there is no finding and no necessary conclusion that the jury did not adopt the rule of the court, and follow it as well as they could. In any aspect of the case, this exception, taken in the course of the proceedings upon the motion for a new trial, must be overruled.

2. We think it well to mention another matter arising after verdict. The case went to the jury upon three counts, one for breach of a contract to invest the plaintiff's money safely, one in contract for negligently investing her money in unsafe securities, and one in tort for misrepresentations whereby she was induced to allow the defendant to put her money into such securities. Each of these counts, as an act of pleading, was a good count, and they were not for the same cause of action. The verdict was general, and there were no special findings. After verdict, the court, under Rule XLV. of the rules of the Superior Court, upon motion of the plaintiff and hearing, ordered that the verdict be amended and entered upon the count in tort. We doubt whether the rule was applicable to such a case, and think it was intended only to apply when there is but one cause of action and a general verdict upon several counts, some of which are bad and some good. There is no corresponding rule of this court; but it has always been a rule of the Superior Court and of the Court of Common Pleas. Formerly, if a general verdict was rendered on all the counts of a declaration, and any of the counts were materially defective, the judgment must be reversed. See *Kingsley* v. *Bill*, 9 Mass. 198. But in

*Baker* v. *Sanderson*, 3 Pick. 348, it is said, " The rule is, that where there is but one cause of action, and there are several counts, and a general verdict is returned, the court will not arrest judgment although one count be bad, but will allow the verdict to be altered so as to refer to the good count. . . . For as there is but one cause of action, it is immaterial on which count the verdict is taken, or whether it be general or special." And in *West* v. *Platt*, 127 Mass. 367, this rule, which was then Rule XXXIV., was cited in the decision of a case in which there was but one cause of action and several counts. If, as we think, the rule of the Superior Court was intended to apply only where the counts were for the same cause of action, it was not properly applied in the present case. It is not, however, necessary to discuss this matter further, or to decide it, as in the present case the exceptions taken and to be considered apply equally whether the verdict is considered as specially referred to the count in tort, or as general upon the three counts.

3. The amount of the verdict shows, and it is not contended otherwise by the plaintiff, that the jury awarded damages in respect of each of the investments, while but one of those investments was made within six years next before the plaintiff's writ. Under the instructions to which the defendant excepted, the jury could find that the cause of action for damages in respect of all the transactions but the last was not barred by the statute only by finding, either that one entire contract, not to be completed until after May 18, 1889, and under which nothing was to be due to the plaintiff until the entire completion of the contract, if the defendant should make any denial concerning it, was made between the plaintiff and the defendant for the investment of the whole of the plaintiff's money which the defendant invested, or by finding that the defendant had fraudulently concealed from the knowledge of the plaintiff her cause of action, in which case the plaintiff's whole damages might be saved under Pub. Sts. c. 197, § 14. To whichever count the verdict is referred, the jury could not assess damages in respect to any investment except the latest in date, unless it found one of these two states of fact; and if it found either state of fact, the statute of limitations would be no bar to any claim urged under either count.

The bill of exceptions contains nothing from which it can be

known which of these two states of fact was found, nor does it show that both were found, and therefore, if there was error in allowing the jury to find either, the exceptions must be sustained and the verdict set aside.

We are of opinion that there was no evidence upon which the question whether there was a contract to invest the whole money should have been submitted to the jury, and that the defendant's exceptions to that portion of the charge which allowed the jury to so find must be sustained.*   The whole evidence upon this point is stated in the bill of exceptions, and it consists in the testimony of the plaintiff and the defendant at the jury trial, and of the auditor's report, which was in favor of the defendant, but which recited facts found by the auditor upon which the parties relied at the jury trial.

If there was such a contract it must have been made at or before the time of making the first investment, and we find nothing in the conversation or acts of the parties, either at their first interview or on any occasion to which the evidence relates, to support the contention that there was an entire contract not

---

* The portion of the charge referred to was as follows:

" The contention has been made that this contract between the plaintiff and the defendant was an entire contract.   That is, that on June 15, 1888, she entered into a contract with him to invest a certain amount of money. I do not know as it has been claimed by the plaintiff that there was an absolute contract to invest the sum of $8,500.   You have evidence here tending to show that he wrote her a letter about June 22, saying that there was in the bank to her name $6,908.   There has been evidence here tending to show that there was about $7,000 in the bank at that time to her name.   It is for you to consider whether or not there was one entire contract to invest this whole amount of money, $8,500, on June 15, 1888.   You have the testimony before you when those various investments were made, four different times during the year, in five different mortgages, and with reference to those mortgages and investments.

" Now if you shall find, on all this evidence, there was one entire contract made for the investment of the whole money, and that it was not to be completed until a date subsequent to May 18, 1889, — that there was nothing to be due to this plaintiff by reason of the action of the defendant until the entire completion of the contract (supposing he should make some denial with reference to the contract) and there would be nothing due to her until after May 18, 1889, which would make it within the six years previous to the time of bringing this suit, — then it would be your duty to find that the cause of action did not accrue until within the period of six years previous to the bringing of this suit."

to be completed until after May 18, 1889, and under which nothing was to be due the plaintiff by reason of the action of the defendant until the entire completion of the contract, if he should make some denial with reference to the contract, as the jury were allowed to find by the instruction to which the defendant excepted.

At the outset the plaintiff, having a less sum in the bank than the whole amount dealt with in the supposed contract, was asked by the defendant if she did not wish to invest her money, and she replied that she did, and asked him to get for her some of the investments which he had described to her. When, from time to time after this interview, he notified her that he had securities for her, she gave him bank checks, sometimes for amounts larger than the face of the securities, until the whole face amount of the securities and of the bank checks was $8,500 on May 18, 1889. There is nothing that justifies a finding that it was agreed that the sum to be invested was $8,500, or any specified sum, nor any inference that the investments were not to be completed until after a specified date, nor that the defendant was not to be liable to her because of the first or any investment as soon as it was made, as fully as after the investment of all her money which might be invested by the defendant. Such a contract could hardly have been made under any circumstances or by any persons, and we find in the evidence nothing which should have permitted a finding that it was made here.

4. As the exceptions must be sustained for the reasons given, it is not necessary to deal very strictly with the portions of the charge which relate to the contention that no part of the plaintiff's damages was barred because the defendant had fraudulently concealed the cause of action from her knowledge.* We

---

* This portion of the charge was as follows:

"Evidence has been introduced tending to show that the defendant was acting as the fiduciary agent for the plaintiff. . . . If you find, on all the evidence, that he was acting as her fiduciary agent or confidential adviser in this transaction, and by reason of his misrepresentations her causes of action were concealed from her until some period subsequent to May 18, 1889, before she discovered that there had been anything wrong in connection with the investments, — if you find that this defendant concealed anything from her, and by reason of his representations in his fiduciary relation her cause of action was concealed from her before 1889, — then the period of six years

understand that there was no evidence of any concealment of the cause of action by the defendant, except his failure to disclose from the outset certain matters which it was contended the relation in which he stood to the plaintiff made it his duty to disclose. If the contention had been that the defendant had done other acts for the purpose of concealing the cause of action, the instructions would have been faulty, perhaps, in allowing the jury to find that the statute was not a bar if knowledge of her cause of action was in fact concealed from her by reason of the defendant's acts, without proof that such acts were fraudulent. Taking the whole of this branch of the charge together, we think the jury understood that their finding upon this matter must be in favor of the defendant, unless they found that the defendant had fraudulently concealed from the plaintiff her cause of action.

*Exceptions sustained.*

---

would not begin until the time when she discovered the act by any independent information she received that she had a cause of action against the defendant. . . .

" That is, if you find on all the evidence that, by reason of his statement acting as her agent, fiduciary agent, the cause of action was concealed from her until about the time she received notice of the default in payment of interest, say April 1st, 1890, and that she did not discover, or had no chance to discover, to that time, that she had a cause of action, then the statute of limitations would begin to run from that time. . . . Then the other considerations: whether or not, by reason of his being the fiduciary agent, the confidential adviser, and by reason of his being in the position of a trusted agent, the knowledge was concealed from her so that she did not know she had a cause of action until within the period of six years before bringing this action.

" If you find, on all the evidence, that the statute of limitations did begin to run from the date of each one of those transactions, that is, from June, 1888, from August, 1888, from January 26, 1889, and that nothing was concealed from her by reason of the acts of the defendant, it would be your duty to bring in a verdict for the defendant, with reference to those three transactions."