MICHAEL FREEMAN, JR. vs. CITY OF BOSTON.

Suffolk.  January 15, 1901. — April 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

No appeal lies from the decision of a presiding judge of the Superior Court over-
ruling a motion for a new trial on the ground of newly discovered evidence.

Under Pub. Sts. c. 153, § 7, providing that in all cases in which a motion for a new
trial is not sustained, the court may in its discretion impose upon the moving
party such sum to be taxed in the costs of the suit as it shall deem proper, a
motion that a sum be imposed as such costs must be made in the court in which
the case was tried.

PETITION to recover damages for land and buildings taken in
January, 1895, for the extension of Columbus Avenue in Boston,
filed January 1, 1896.

This case was tried in the Superior Court, before *Fessenden*, J.,
and the jury returned a verdict for the petitioner for $12,416.25.
The petitioner moved for a new trial on the ground of newly
discovered evidence. The motion was denied by the judge, who
made certain findings and allowed exceptions, whereon it was
held by this court, in a decision given January 12, 1900, and
reported in 175 Mass. 208, that it did not appear that the
judge exceeded his powers in refusing a new trial. Thereafter,
on February 3, 1900, the petitioner filed in the Superior Court
another motion for a new trial, on the ground of newly discov-
ered evidence, the nature of which was stated in his petition.
On June 21, 1900, *Fessenden*, J., overruled this motion and
amended his former findings, previously before this court, so
that his second finding made upon the previous motion for a new
trial should read as follows: I find " If material and competent,
that Jesse L. Nason, who testified as a witness at the trial of the
above cause, did not, in August, 1895, see the petitioner's build-
ing, the value of which was a subject of inquiry at the trial;
that he was mistaken in his testimony as to when he saw the
buildings; that he did see them before they were removed, and
made memoranda concerning their dimensions and valuations;
that the written memorandum or report made by said Nason to
the City Solicitor was made in 1896 from the said memoranda;

and that the date of the said report was afterwards changed so as to read 1895, and then delivered to said City Solicitor."

From the order of June 21, 1900, overruling the petitioner's motion for a new trial, and from the judgment of the Superior Court in the case, the petitioner appealed.

At the argument of the case before this court, the respondent moved that the court impose upon the petitioner a sum to be taxed in the costs of the suit under Pub. Sts. c. 153, § 7, and asked that a sum of at least $500 be thus taxed against him as a penalty for his conduct in the case.

*L. D. Brandeis, W. H. Dunbar & G. R. Nutter,* for the petitioner, submitted the case on a brief.

*T. M. Babson,* for the respondent.

KNOWLTON, J. This appeal presents no question of law. The motion for a new trial on the ground of newly discovered evidence was addressed to the discretion of the court, and the decision of the presiding justice cannot be revised in this court on appeal. *Shea* v. *Lawrence,* 1 Allen, 167, 170. *Lowell Gas Light Co.* v. *Bean,* 1 Allen, 274. *Stetson* v. *Medford,* 109 Mass. 242. *Behan* v. *Williams,* 123 Mass. 366. *Perry* v. *Shedd,* 159 Mass. 200.

The motion of the respondent that a sum be imposed upon the petitioner to be taxed in the costs of the suit under the Pub. Sts. c. 153, § 7, should be made in the Superior Court.

*Judgment affirmed.*