## WILLIAM HAYWARD vs. DORCAS A. LANGMAID.

Suffolk.  March 7, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Agency,* Ratification.  *Practice, Civil,* New trial.  *Discretion of Court.*

In order that the act of another may become binding by ratification, it is necessary that the act should have been done by one who in fact was acting as an agent, but it is not necessary that he should have been understood to be such by the party with whom he was dealing.

In deciding that no ground appeared on which it could be held as matter of law that the presiding judge erred in denying a certain motion for a new trial, it was assumed, without deciding, that the discretion in such a case is not unlimited, and that circumstances might arise under which the exercise of the discretion could be revised, although the general rule is that it is not subject to revision on exception or appeal.

CONTRACT for a balance due for the construction of a double house in Watertown and also for a small amount for work done and materials furnished in repairs upon other property.  Writ dated January 19, 1893.

At the trial in the Superior Court before *Richardson,* J., it appeared, that the house was constructed under a contract in writing between the plaintiff and Webster C. Langmaid, to furnish materials and erect a double house on land of the defendant, a widow, the mother of Webster C. Langmaid.

There was evidence, that Webster C. Langmaid in making the contract did so as the agent of the defendant; that he did not disclose to the plaintiff that he was acting as an agent, and that the plaintiff supposed that Webster C. Langmaid was the owner of the land upon which the house was to be erected, and, relying upon these facts, signed the contract, furnished the materials and constructed the house, and that he did not learn until after the house was constructed that Webster C. Langmaid was not the owner of the land.  There were certain other items in the declaration outside of the written contract amounting to about $82, for work done and materials furnished on other property of the defendant at the request of Webster C. Langmaid; and the plaintiff offered evidence tending to show that in order-

ing this work Webster C. Langmaid acted as the agent of his mother and was acting within the scope of his authority as such agent. There was evidence put in by the plaintiff which he contended, not only tended to prove such agency, but also tended to show that, if Webster C. Langmaid had in any respect exceeded his authority, the defendant had ratified his acts. It was admitted by the defendant that if the plaintiff was entitled to recover anything, he should recover for the full amount claimed.

The case had been referred to an auditor, who filed a report, finding for the plaintiff. The plaintiff read the report to the jury and rested.

The defendant's counsel in his opening to the jury stated, that he proposed to show that Chase Langmaid, deceased, husband of the defendant and father of Webster, before he died conveyed all his property to the defendant, and that after his death the defendant and her two children, Webster C. Langmaid and Helen Kenny, made a certain agreement in regard to the division of the estate, which the defendant contended showed that Webster in making the contract for the house was acting for himself and not for his mother.

The defendant then called Webster C. Langmaid. After this witness had testified to the death of his father, the previous conveyance of all his estate to the defendant, and the making of the agreement between the defendant, Helen Kenny and himself, the plaintiff's attorney having asked if the agreement in question was in writing, the witness was asked whether or not the agreement was in writing, and replied that it was, and that he had given it to his attorney, Fred E. Crawford. He then was asked to state the terms of the agreement, but the question was excluded. Later, being recalled, he reiterated his statement that the agreement was in writing. Thereupon the defendant's attorney moved to discontinue or suspend the trial of the action, on the ground that he had understood that the agreement in question was verbal; that the evidence of the witness, Webster C. Langmaid, was a complete surprise to him; that by reason of the testimony he was unable to prove the terms of the agreement; and that he might produce Mr. Crawford, who was then in New Hampshire. The judge overruled the motion. The witness was then examined further in respect to other facts indicated in

the defendant's opening to the jury, and the defendant rested. Neither the defendant nor Helen Kenny were called, though both lived in Boston ; and no statement was made that there was any desire to call them or to explain their absence.

The plaintiff's counsel in rebuttal called the plaintiff and other witnesses, who testified to facts which he contended tended to prove an original authority from the defendant to Webster C. Langmaid to construct the house and to procure the performance of the other work, as her agent ; or, in case of his having exceeded his authority as such agent, a ratification of his acts.

The jury found for the plaintiff in the sum of $2,754.09.

The defendant filed a motion for a new trial on the following grounds : 1. " Because the defendant was surprised by the testimony of Webster C. Langmaid, a witness called by the defendant, in that said witness testified that the general agreement or understanding between the defendant, Helen Kenny, and himself, respecting the division of Chase Langmaid's estate, was in writing, whereas, in truth and in fact, the same was not in writing ; and said witness had led the defendant and her counsel to believe that he would testify that the same was not in writing. 2. Because the judge refused to instruct the jury, as prayed for by the defendant, that the meaning of ratification in law is the adoption of an act which has been done by one purporting or assuming to act as agent."

In support of the motion the defendant filed certain affidavits. The judge overruled the motion ; and the defendant alleged exceptions to the order. The defendant contended that the judge improperly exercised his discretion in refusing the motion for a new trial.

*G. L. Wilson,* (*E. A. Gilmore* with him,) for the defendant.

*J. Bennett,* for the plaintiff.

MORTON, J. There are two questions in this case ; 1st, whether the instruction that was requested, " that the meaning of ratification in law is the adoption of an act which has been done by one purporting or assuming to act as agent ; " and 2d, whether the motion for a new trial was rightly overruled.

It is evident, we think, that the instruction was understood, and rightly, by the presiding judge to mean that it was neces-

sary to a ratification, that the act should have been done by one who represented or held himself out as an agent in respect to the matter to which it related. But such is not the law. It is necessary in order to a ratification that the act should have been done by one who was in fact acting as an agent but it is not necessary that he should have been understood to be such by the party with whom he was dealing. *Sartwell* v. *Frost,* 122 Mass. 184. *Ford* v. *Linehan,* 146 Mass. 283. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 351. *Schendel* v. *Stevenson,* 153 Mass. 381. The request was therefore properly refused.

We assume in favor of the defendant, without deciding, that the discretion of the presiding judge in granting or denying a motion for a new trial is not an unlimited discretion, but that circumstances may arise under which it may be revised. The general rule is that it is not subject to revision on exception or appeal. *Freeman* v. *Boston,* 178 Mass. 403. *Coffing* v. *Dodge,* 169 Mass. 459. *Behan* v. *Williams,* 123 Mass. 366.

In the present case we see no ground on which it can be held as matter of law that the judge erred in denying the motion. He may have been of the opinion that the defendant had not exercised due diligence. She was a party to the alleged agreement but there was no offer on her part to testify or to produce the other party to it. It would have been extraordinary to grant a new trial under such circumstances because of alleged surprise at the testimony of a witness, and so far as the exceptions show the only witness, whom she called.

*Exceptions overruled.*