ELIPHALET J. FOSS *vs.* ZACCHEUS R. ATKINS & others.

Barnstable. January 13, 1909. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Land Court, Appeal, Jurisdiction.*

After one petitioning in the Land Court for the registration of the title to certain land has appealed to the Superior Court from findings of fact by the judge of the Land Court, and such appeal has been dismissed by the Superior Court and an exception to such dismissal has been overruled by this court and thereupon

a decree has been entered in the Land Court in accordance with the finding, the petitioner cannot appeal from such decree to the Superior Court to try issues as to whether the land described in the decree was that described in the finding, or as to what a boundary described in the finding was, since, after the dismissal of the appeal from the finding, it became final, and the only question remaining was as to the form of the decree which should be entered thereon, and, such question being one of law, no appeal lies to the Superior Court from the action of the Land Court thereon.

*It seems*, that the Land Court has no power to allow a motion of the respondent named in a petition for the registration of the title to certain land to amend the petition by substituting his name as the petitioner for the registration of the title to a part of the land described in the original petition.

*It seems*, that, if the respondent in a petition in the Land Court for the registration of the title to land contends that he owns a part of the land described in the petition and desires to have his title thereto registered, he either should file a separate petition for that purpose or file a cross-petition to the petition in which he is a respondent; and that, if he adopts the latter course, his cross-petition will be dismissed if the original petitioner has been allowed to withdraw his petition under R. L. c. 128, § 36.

LORING, J.   The petition in the case at bar was brought by one Eliphalet J. Foss on April 27, 1904, to have a certain parcel of land situated in Provincetown and therein described brought under the operation of R. L. c. 128, and to have his title thereto registered and confirmed.

On June 24, 1904, the respondents Zaccheus R. Atkins, Lauretta A. Cate and Martha J. Atkins filed their answer, and *inter alia* they set up title in themselves to part of the premises described in the petition.

On February 16, 1906, the following finding was made by the Land Court: " In this case I find for the petitioner as to so much of the land described in the application for registration as lies between the easterly side line, as shown on the plan filed in this case and a line parallel thereto drawn through the ancient monument marked ' E and M bound,' both protracted from Provincetown harbor northerly to the ocean; and for the respondents as to so much of said land as lies between the westerly side line, as shown on said plan, and said line through the ' E and M ' bound, both protracted from Provincetown harbor northerly to the ocean; all subject to the railroad location, the state highway, and the rights of all persons entitled thereto in Snail Road.   Decree accordingly."

This finding was in effect a finding that the true westerly boundary line between the land of the petitioner and the land of

the respondents was 676.46 feet farther east than the boundary line which the petitioner had contended for.

From this finding the petitioner undertook to take an appeal. He failed to have issues of fact framed in the Land Court, and for that reason this appeal was dismissed by the Superior Court. From the decision dismissing the appeal the petitioner took an appeal to this court, and the decision dismissing the appeal was affirmed on January 2, 1907. *Foss* v. *Atkins*, 193 Mass. 486.

Thereafter, on March 11, 1907, the following decree was entered in the Land Court, to wit: " In the matter of the petition of Eliphalet J. Foss, No. 854, after consideration, the court doth adjudge and decree that Zaccheus R. Atkins of Denver in the State of Colorado, not married, Lauretta A. Cate of Brookfield in the State of New Hampshire, married to Charles F. Cate and Martha J. Atkins of Colorado City, in the State of Colorado, not married, are the owners in fee simple, each of an undivided third part of that certain parcel of land situated in Provincetown in the County of Barnstable and Commonwealth of Massachusetts, bounded and described as follows : " [Here is inserted a description of that portion of the parcel of land described in the petition which the ￦Land Court found was owned by the respondents.] " And the court doth adjudge and decree that said land be brought under the operation and provisions of Chapter 128 of the Revised Laws, and that the title of said Zaccheus R. Atkins, Lauretta A. Cate and Martha J. Atkins to said land to be confirmed and registered."

On April 10, 1907, the petitioner took an appeal from this decree " to the Superior Court for the County of Barnstable, for a jury trial on the facts," and asked for the allowance of four issues. The first, second and third issues were allowed and the fourth was disallowed by the Land Court. The first issue was afterward waived, and the petitioner went to trial in the Superior Court on the second and third issues, which were in substance as follows: Is the land described in the decree appealed from the same land described in the finding of the Land Court made on February 16, 1906 ? What is the " easterly boundary line of the land set off to the respondents " by the finding of February 16, 1906 ?

When these two issues came on for trial in the Superior

Court, the petitioner offered evidence to show the location of Snail Road and the easterly bog on the land described in the petition. This was in effect evidence of facts which taken in connection with facts stated in the memorandum of decision showed that the judge of the Land Court ought not to have found the line to be where he did find it to be. This was excluded and the petitioner took an exception. The petitioner also asked to be allowed to make an argument to the jury to the same effect, founded on statements made in the memorandum of decision filed with the finding on February 16, 1906. The judge * refused to allow him to go to the jury on that ground, and the petitioner excepted. The petitioner also excepted to a refusal to strike out a report made by the judge of the Land Court under St. 1905, c. 288, and to a refusal to strike out parts of that report.

Both the appeal from the decree of March 11, 1907, taken for a jury trial on the facts, and the course pursued under that appeal, have been taken under a misapprehension, and all the proceedings consequent thereon are void.

The facts in this case were established by the finding of the court made on February 16, 1906, and this finding became final when the petitioner's attempt to take an appeal to the Superior Court was dismissed as insufficient.

The only question thereafter in the case was what decree should be entered on that finding of fact. That was a question of law and only a question of law. In place of taking an appeal from that decree to this court on the ground that the decree asked for was unwarranted as matter of law, the petitioner undertook to take an appeal to the Superior Court, apparently in the hope that he could in this way overthrow the finding of facts.

The petitioner's attempt to show the location of the Snail Road and the easterly bog which are mentioned in the memorandum, and to argue to the jury that from what was said in the memorandum the finding should have been otherwise, was in effect an attempt to retry the facts found in the finding of February 16, 1906. The statements made in the memorandum

---

* *Stevens,* J.

were the reasons given by the judge for making the finding he made. If these reasons should have led to a finding contrary to the finding in fact made, the petitioner's remedy was to take an appeal from the finding. But after the petitioner's unsuccessful appeal from the finding had been dismissed the finding became final, and (as we have said) the only question left in the case was what decree as matter of law ought to have been entered on the finding.

Whether there was or was not an issue of fact to be tried when the petitioner took his appeal on April 10, 1907, depended on the pleadings and solely on the pleadings. The record shows that no issue of fact remained to be tried at that time. Consequently the petitioner's appeal " to the Superior Court for the County of Barnstable, for a jury trial on the facts " was not well taken, all action taken under it is void, the petitioner is not aggrieved by the action finally taken under it, and these exceptions must be overruled for that reason.

The course of procedure adopted in this case in another connection seems to have been adopted under a misapprehension. The matter is not now before us for decision. But we speak of it to avoid this case being taken as a precedent.

The respondents filed their answer to the petition on June 24, 1904. On November 20, 1905, the respondents filed a motion " to amend " the petition " by inserting the names " of the respondents " as the persons in whose names a portion of the land described in said petition is to be registered." This was allowed by the Land Court on February 7, 1907, " as to land found in respondents in the decision . . . filed February 16, 1906."

It is on this amendment made by the respondents to the petition of the petitioner that the decree of the Land Court was entered on March 11, 1907, dealing with the land found to be in the respondents and with that land alone. This decree in favor of the respondents seems to have been the only decree entered on this petition. The record before us discloses no other.

The power given to the Land Court by R. L. c. 128, § 22, to allow amendments to the petition by way of substitution, permits a third person who has succeeded to the rights of the petitioner being substituted for him as petitioner. Again, the

power given by § 23 to allow a severance of the application authorizes the Land Court to permit the petitioner to split his application so as to go on with one and not with another of two or more tracts of land originally included in one application.

But we know of no principle of procedure or practice either in personal actions or in proceedings *in rem*, nor do we know of any provision in R. L. c. 128, which authorizes the Land Court to allow an amendment by which the respondent becomes the petitioner and the petitioner the respondent. If the respondent had wished to become a petitioner he should have brought his own petition, or a cross-petition. It would seem that a cross-petition would fall with the original petition by force of R. L. c. 128, § 36, which provides that the original petitioner had a right at any time before final decree to withdraw his application upon terms to be determined by the court. R. L. c. 128, § 36. *McQuesten* v. *Commonwealth*, 198 Mass. 172.

*Exceptions overruled.*

*F. L. Simpson*, for the petitioner.
*G. A. King*, for the respondents.