## ELIPHALET J. FOSS *vs.* ZACCHEUS R. ATKINS & others.

Barnstable.    March 10, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Land Court.    Practice, Civil,* Exceptions.    *Supreme Judicial Court.*

The denial by a judge of the Land Court of a motion for a rehearing upon a petition in that court is within the discretion of the judge and is not the subject of exception.

The denial by a judge of the Land Court of a motion to vacate a part of a previous decision or finding of that court and to enter a new decision as to that part is within the discretion of the judge and is not the subject of exception.

The provision of R. L. c. 159, § 24, under which in cases of accident or mistake the full court may grant leave to parties to exhibit further evidence, applies only to cases that come to this court by appeal and is not applicable to a case which comes before the court upon a bill of exceptions.

SHELDON, J.    In the last decision of this case, reported in 204 Mass. 337, it was held that the final decree which the Land Court had attempted to enter upon its finding of fact was beyond the power of that court and was void, and that the petitioner had still the right to withdraw his petition upon terms to be fixed under R. L. c. 128, § 36, but that it was for the Land Court to determine whether he could have his petition dismissed as to that part of the land to which it had been found that he had no title.    See now St. 1910, c. 245.    Thereupon the Land Court passed its order of January 20, 1910.*    This was done

---

* That order was as follows: "That if the petitioner shall, on or before the twenty-sixth day of January, current, file a motion to sever his application so as to go on to a decree for registration of title to that tract of land as to which title was found to be in the petitioner and proper for registration by the decision of this court, filed on February 16, 1906, there may be a decree for the petitioner as to the tract so severed and dismissing the application as to the rest of the land described therein ; and if the petitioner does not file a motion to sever within the time above allowed, then let a decree issue of ' petition dismissed.'"

apparently without objection; certainly the order was neither appealed from nor excepted to. On the next day, January 21, the petitioner in compliance with this order filed a motion " that his petition be severed, and so much of the land therein described as was found by the decision of February 16, 1906, to be in him be registered in said petitioner." This motion was allowed; but at the petitioner's request the entry of a decree thereon was postponed pending negotiations for a settlement. The case was now ripe for a decree, and as the record then stood there was only one decree that could be entered.

No further proceedings were had for about ten months. Then the petitioner filed a motion for a rehearing on his petition and also a motion that the decision (or finding) of February 16, 1906, be vacated in so far as it found for the respondent, and that a new decision be entered as to that part of the land. These motions were denied * after hearing, and the petitioner excepted.

These motions, like a motion for a new trial in the Superior Court, were addressed to the discretion of the judge of the Land Court, and no exception lies to his exercise of that discretion. *Brady* v. *American Print Works*, 119 Mass. 98, and cases there cited. *Nichols* v. *Nichols*, 136 Mass. 256. *Hill* v. *Greenwood*, 160 Mass. 256. It does not appear that any rulings of law made at the hearing of these motions were excepted to.

Nothing is to be found on the record before us or in our previous decisions (193 Mass. 486; 201 Mass. 158; 204 Mass. 337) which required as matter of law the vacation of the findings or the granting of a new trial. It is not shown what facts appeared or what rulings of law were made at the hearing. The case comes before us only upon exceptions, not upon such an appeal as is referred to in R. L. c. 159, § 24, and the provisions of that statute as to the exhibition of further evidence are not applicable.

*Exceptions overruled.*

*P. M. Foss*, for the petitioner.

*G. A. King*, for the respondents, submitted a brief.

---

* By *Davis*, J.