MARY H. WEDGWOOD & others *vs.* EASTERN COMMERCIAL TRAVELERS ACCIDENT ASSOCIATION.

Suffolk. February 3, 1941. — March 4, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Insurance*, Accident insurance, Proof of loss, Fraternal benefit insurance. *Waiver. Fraternal Benefit Society.*

There can be no waiver of unknown rights.
Relatives by blood of the insured under a certificate of a fraternal beneficiary society, who had been substituted as plaintiffs in an action for disability and death benefits brought by the executor and sole beneficiary under the insured's will, were not entitled to rely on proofs of claim made by the original plaintiff in his own behalf, and, not having themselves made required proof, could not recover.

CONTRACT.  Writ in the Superior Court dated February 1, 1935.

The case was tried before *O'Connell*, J.

*I. M. Davis*, (*R. H. Nitkin* with him,) for the plaintiffs.

*R. Walsworth*, for the defendant.

RONAN, J.  In this action of contract Susie B. Herrick (herein referred to as the plaintiff) as executrix under the will of Fred M. Wedgwood, a resident of Bailey, Tennessee, who died on March 25, 1934, two days after he had sustained a fall resulting in a fracture of his right arm, seeks to recover the indemnity provided for in a certificate of insurance issued to Wedgwood by the defendant.  The certificate provided for the payment of $5,000 upon proof satisfactory to the defendant's board of · directors that death had been caused wholly and entirely by external, violent and accidental means, and also provided that no indemnity should be paid unless proof of death was furnished within six months of the happening of the accident that caused the death.  She also seeks to recover a disability benefit for the few days that the testator lived after his accident.  The testator had designated his wife as the beneficiary, but she had predeceased him and no other beneficiary had been named by him.  The testator, who was in his eightieth year, was at the time of his death suffering from various diseases some of which could be found to be incurable and fatal; and one of the issues at the trial was whether his death was caused by the fall alone or whether it resulted from the fall and these diseases.  The jury in answers to questions submitted to them found that the injury resulting from the accident was not in any way caused by disease; that death was caused wholly and entirely by external, violent and accidental means; and that, exclusive of statutory provisions relating to what person could be a beneficiary or succeed to beneficial rights under the terms of the policy, the defendant waived "any objections, if any it rightfully had, to the plaintiff as a proper party to make claim to the beneficial interest in the policy, and to pursue legal remedies to enforce payment thereof." The jury found for the plaintiff and thereafter the judge,

subject to the plaintiff's exception, under leave reserved ordered entered a verdict for the defendant.

After the trial, counsel for the plaintiff informed the judge that he had learned for the first time that the testator was survived by relatives by blood. The judge stated that he would accept an affidavit to that effect from counsel. Thereafter on the same day the judge allowed the defendant's motion for the entry of a verdict for the defendant under leave reserved; the plaintiff's motion to amend the writ so as to have the action brought by the plaintiff as executrix but for the benefit of nine named persons who, according to the accompanying affidavit of counsel, were relatives by blood of the testator; and also a motion by these nine persons purporting to adopt all the proceedings that had been had in said action and praying that they be substituted as plaintiffs instead of the plaintiff. The defendant excepted to the allowance of these two motions.

The declaration alleges that, the beneficiary named in the certificate of insurance having died and the insured having failed to designate any other beneficiary, the defendant then became bound to pay the death benefit to the wife, children, adopted children, parents, adopted parents, relatives by blood, father-in-law, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother or step-children, in the order named; that if the insured left no such persons so related to him, then payment was to be made to his executor; that no such persons survived the insured; that the plaintiff having been duly appointed executrix and all his estate having been devised and bequeathed to her, the defendant owed her the amount of the death benefit and also the disability benefit for the few days the testator lived after his accident. The answer specifically set up that "the plaintiff is not the proper person to recover therefor or to whom any payment can be made." At the trial the plaintiff contended that the death and disability benefits were her sole property, and in support of her contention she introduced two affidavits signed by her in one of which she stated that she had been appointed executrix under the will of the insured, that she was the sole bene-

ficiary under the will, and that she knew of no blood relatives of the insured, who was her brother-in-law; and in the other affidavit she stated that the insured wanted her to have the death benefit if Mrs. Wedgwood predeceased him "because he and Mrs. Wedgwood were all alone in the world, that they had no relatives either by blood, marriage, or adoption, except myself [the plaintiff], and that he was afraid that if he didn't make a will, it would go to strangers." One of the defendant's by-laws provided that in the "event of there being no legally designated beneficiary, the death indemnity will be paid to the wife, children, adopted children, parents, adopted parents, relatives by blood, father-in-law, mother-in-law, step-father, step-mother or step-children, in the order named." The plaintiff could not have been prejudiced by the granting of the motion for the entering under leave reserved of a verdict for the defendant after her counsel had virtually conceded that she as executrix of Wedgwood and for her sole benefit never had any cause of action.[1] No other effect could be given to the motion and its accompanying affidavit filed in her behalf by her counsel in order to prosecute the action by her in a representative capacity for the benefit of certain relatives by blood who survived the testator. She was bound by such conduct of counsel. *United Shoe Machinery Co.* v. *Bresnahan Shoe Machinery Co.* 197 Mass. 206, 214. *Wyness* v. *Crowley,* 292 Mass. 461. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. *Brocklesby* v. *Newton,* 294 Mass. 41, 43. *Clifford Shoe Co.* v. *United Shoe Machinery Corp.* 297 Mass. 94. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51. *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76, 80.

The plaintiff in such representative capacity or the blood relatives in their own right likewise were not prejudiced by the order for the entry of a verdict for the defendant for reasons hereafter stated.

There was error in submitting to the jury the question

---

[1] In the brief filed in this court by "the plaintiff and substituted plaintiffs" was the following, under the heading, "Conclusion": "Any question regarding the original plaintiff's right to recover has become moot in view of the amendment substituting the blood relatives as parties plaintiff, said amendment having been assented to by the original plaintiff and allowed by the court." — REPORTER.

whether the defendant had waived any objection to the plaintiff's making a claim to the beneficial interest in the insurance or bringing an action for its collection. In so far as the plaintiff's right to recover was not barred by the statute, G. L. (Ter. Ed.) c. 176, § 21, or by the said by-law, there was no evidence that the plaintiff was bringing suit except for her own personal use. She claimed not only the beneficial interest as executrix but also the legal interest as legatee under the will of the insured. There was no evidence that she contended that anyone else had any interest in the insurance or that she was acting in behalf of another. The evidence was not sufficient to prove that the defendant waived any right to contend that the plaintiff was not entitled to claim the insurance or to commence action for its collection, assuming that it could waive the provisions of the last-mentioned statute and by-law. In so far as the plaintiff's right to recover depended upon the absence of any relatives of the insured who under the statute were entitled to the death benefit, the defendant is not shown to have had any knowledge that there were such relatives unless an inference can be drawn that it had such knowledge on June 27, 1938, when it raised the question whether the plaintiff was a proper party plaintiff at the pre-trial hearing. This was long after the time for submitting proof of death had elapsed. There can be no waiver of unknown rights. *Boston Elevated Railway* v. *Maryland Casualty Co.* 232 Mass. 246. *Sheehan* v. *Commercial Travelers Mutual Accident Association*, 283 Mass. 543. In any event, she could not merely by waiver effect a change in the terms of the certificate of insurance and thereby become a beneficiary, where others alone, if they were in existence at the death of the insured, were the beneficiaries, and recover without proving that the testator was not survived by such persons. *Eastern Railroad* v. *Relief Fire Ins. Co.* 105 Mass. 570, 578, 579. *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35.

There was, consequently, no error in ordering the entry of a verdict for the defendant in so far as it related to the death benefit, and there was no error in ordering the entry

of a verdict on the remainder of the alleged cause of action which comprised the disability benefit, because no proof for disability benefit, although required to be made by the terms of the certificate, had ever been submitted to the defendant.

The substituted plaintiffs gain nothing by the allowance of these motions to amend, and the defendant was not thereby harmed because these plaintiffs never submitted to the defendant any proofs of death or of the injury. Under the provisions of this certificate a plaintiff, in order to prevail, must allege and prove that he has submitted proof, which was in fact satisfactory to the defendant's board of directors. or ought to have been satisfactory to them, that an accidental death or injury within the terms of the certificate had occurred. *Noyes* v. *Commercial Travellers' Eastern Accident Association,* 190 Mass. 171. *Traiser* v. *Commercial Travellers' Eastern Accident Association,* 202 Mass. 292. *Eastern Commercial Travelers Accident Association* v. *Sanders,* 108 Fed. (2d) 643. These alleged relatives can take no advantage of the proof of death made by the plaintiff. She was then acting entirely in her own behalf. She could not have acted in behalf of persons who, according to her own affidavits, did not exist so far as she knew. One cannot ratify or adopt an act done by a third person, unless the latter at the time of performance intended to act in his behalf. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 382. *Hayward* v. *Langmaid,* 181 Mass. 426, 429. *Hixon* v. *Starr,* 242 Mass. 371, 374. *Carpenter* v. *Grow,* 247 Mass. 133, 138. *Allen* v. *Liston Lumber Co.* 281 Mass. 440, 446.

*Plaintiffs' exceptions overruled.*
*Defendant's exceptions overruled.*