*Southern Division*

## SARAH MENARD ET AL

### v.

## METROPOLITAN MOTOR CAR EXCHANGE, INC.

*Callan, J.*   In this action of contract the plaintiffs seek to recover rent on an account annexed in the sum of $350.00.

The undisputed facts show that in March, 1954, one Max Fox and the plaintiffs met for the purpose of discussing the renting of certain land which was to be used as a used car lot. At this meeting the plaintiffs agreed to rent this land for $50.00 per month. Fox agreed to this. Rent was paid in March, April and May by checks of the defendant company signed by Fox. No rent was paid from June 1st, 1954 to January 1st, 1955. There was no evidence as to whether Fox was hiring the premises individually or as agent for the defendant company.

The defendant duly filed the following request for ruling which was denied, viz.: "There is no evidence upon which the Court can base a finding for the plaintiffs." A finding of facts was made by the judge and a finding for the plaintiffs in the amount of $350.00. Claiming to be aggrieved by the denial of its request for ruling and a finding for the plaintiffs the defendant claimed a report to this Court.

The judge found that Fox at the time of hiring did not disclose whether he was hiring the premises individually or as an agent for the defendant company. The talk took place in March and the defendant's check for the March rent was received by the plaintiffs but the evidence does not disclose whether the first rent check was given at the time of the discussion or at a later date.

■ *The issue is whether the defendant company ratified the act of Fox.* It was not necessary to a ratification of Fox's act by the defendant that Fox should have represented himself or held himself out as an agent or to have been understood to be an agent by the plaintiffs with whom he was dealing if he was in fact acting as an agent of the defendant. *Hayward v. Langmaid,* 181 Mass. 426; *Sartwell v. Frost,* 122 Mass. 184; *Ford v. Linehan,* 146 Mass. 283; *Schendel v. Stevenson,* 153 Mass. 351.

■ There appears to be no evidence that Fox was acting as agent of the defendant unless this fact can be inferred from the payment of rent by three checks of the defendant signed by Fox. The evidence does not disclose in what capacity he signed. We presume that he signed as an officer of the defendant corporation. There is no evidence as to whether the property in question was ever used as a used car lot by the defendant or if the defendant ever received any benefit from it.

■ Ratification may be inferred from corporate acts which may be presumed to have been performed under corporate authority. *Produce Exchange Trust*

*Co. v. Bieberbach,* 176 Mass. 577; *North Anson Lumber Co. v. Smith,* 209 Mass. 333, 338. It is not necessary that ratification be by a formal vote. It is sufficient if the corporation acting through its proper officials knew that the checks in question had been given in payment of the rent. *Nims v. Mt. Herman Boys' School,* 160 Mass. 177, 182; *Banca Italiana DiSconto v. Columbia Counter Company,* 252 Mass. 552.

There is no evidence that the officers of the defendant knew or should have known about the checks. From all that appears it may be that the officers learned that the three checks were issued, and that they were issued without authority and directed that no further payments be made. The defendant would then be under no duty to disaffirm with the plaintiffs any arrangement that had been made by Fox. Unexplained and standing alone the corporate checks are insufficient, in our opinion, to constitute a ratification on which to hold the defendant liable. *Gross v. Cohen,* 236 Mass. 468; *Kostopolos v. Pezzetti,* 207 Mass. 277; *Norfolk County Tr. Co., v. Green,* 304 Mass. 406.

The finding should be for the defendant and an order is to be entered of "Finding for the Plaintiffs vacated. Finding ordered to be entered for the Defendant."