WALTER B. LORING *vs.* JOHN B. MERCIER.

Hampshire.  September 19, 1945. — October 31, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING. JJ.

*Land Court,* Stipulation.

A party to a proceeding for registration of title in the Land Court could not as of right withdraw from a stipulation of counsel made in open court and adopted by the trial judge as a foundation for his findings respecting disputed boundaries; nor should the stipulation be vacated

by this court as improvidently made where the record did not show
that it had been made through misapprehension, and nothing appeared
which would justify this court in disturbing the decision of the trial
judge, whether or not the stipulation were considered.

PETITION, filed in the Land Court on August 27, 1943.

The case was heard by *Fenton*, J.

*W. H. Martin*, for the petitioner.

*H. J. Lacey*, for the respondent.

WILKINS, J. This is a petition in the Land Court to
register title to a parcel of land in Belchertown. The re-
spondent, an abutter on the east and south, filed an answer
denying the petitioner's title. The actual dispute concerned
the eastern boundary and part of the southern boundary.
The judge filed a decision in which he found that these
boundaries were as contended by the respondent, and that
the petitioner was entitled to register title to a portion only
of the parcel. The petitioner appealed.

At the outset of the hearing in the Land Court the parties
agreed upon all the boundaries except that on the east and
the eastern part of that on the south. In so doing they
agreed that the easternmost point of the northern boundary
was a four inch elm tree shown on a plan in evidence made
by the engineer of the court. The judge in reliance upon
the agreement made findings which the petitioner concedes
he cannot now dispute unless he be allowed to withdraw
from the agreement on the ground that it is obviously at
variance with the facts. His present contention, advanced
for the first time in this court, in the main is that the agree-
ment was made in the misapprehension that this elm was
the same as "a small elm tree near Bachelors Brook" men-
tioned in a deed of 1901 to a predecessor in title of the
petitioner given by one Davison, who was a common owner
of all the land now held by the parties; that this in the
nature of things could not have been true; and that also
the plan showed no brook at this point. The record, how-
ever, does not disclose any such basis for the agreement.
The petitioner may not of right withdraw from the stipu-
lation of counsel made in open court and adopted by the
trial judge as a foundation for his conclusions. *Wyness* v.

*Crowley,* 292 Mass. 461, 464. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 217. *Kelley* v. *Peters,* 299 Mass. 166, 172. *Wedgwood* v. *Eastern Commercial Travelers Accident Association,* 308 Mass. 463, 466. But this court or a court below may vacate a stipulation made by the parties if it is deemed improvident or not conducive to justice. *Symmes Arlington Hospital, Inc.* v. *Arlington,* 292 Mass. 162, 165, and cases cited. *Malone* v. *Bianchi, ante,* 179, 182–183. This, however, is not a case for the exercise of such power, for the petitioner, even if the agreement be disregarded, is still forced to contend that a portion of the description in his deed, which gives a measurement as "southwesterly," must also be in error for "northwesterly," as otherwise he could not complete the perimeter of his parcel and still make joinder with the agreed southern boundary of the parcel to the west. There is nothing in the record with or without the agreement of counsel which permits the conclusion that the decision of the judge should be disturbed.

*Decision affirmed.*