ARTHUR R. ERICKSON & another *vs.* ALICE L. (RADIVONYK) RASPPERRY.

Essex.    October 9, 1946. — November 1, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Adoption. Minor.*

The fact, that the mother of a child, shortly after his birth, voluntarily and with full knowledge of the effect of her action, signed her assent upon a petition by others for his adoption and change of his name, did not require the granting of the petition over the mother's subsequent objection where, after a hearing, the judge warrantably found that it was "for the best interest of the child to be brought up by" the mother: the paramount consideration was the welfare of the child.

PETITION, filed in the Probate Court for the county of Essex on February 3, 1945.

The case was heard by *Phelan*, J.

*M. Misci*, for the petitioners.

*H. R. Mayo, Jr.*, for the respondent.

DOLAN, J. This is an appeal by the petitioners from a decree entered in the Probate Court dismissing their petition for leave to adopt Ann Marie Radivonyk, the infant daughter of the respondent.

The evidence is not reported but the judge made a report of the material facts found by him, which may be summed up as follows: The respondent, formerly Alice L. Radivonyk, gave birth to the child sought to be adopted on May 12, 1944. The respondent was then a single woman and has since married. About two weeks after the birth of the child the respondent brought her to the home of her parents in Framingham as she had no other place to go and no means of supporting the child until she returned to work. Her parents were unwilling to have the child remain in their home, and the respondent's sister made arrangements for someone to take the child until the respondent could get on her feet, and on June 16, 1944, gave the child to the petitioners without disclosing to the respondent where the child was. Later on that day counsel for the petitioners called upon the respondent at her parents' home, discussed with her the adoption of the child by the petitioners, produced a petition for adoption and change of name of the child, "completely made out" with the exception of its date and the signatures of the adopting parents, and informed the respondent that the petition would not be filed for six months. He read the petition to her with the exception of the names of the petitioners and the court in which it was to be filed. He then "covered up on the petition the names and addresses of the petitioners," and the respondent signed her assent to the petition. About a week thereafter the respondent requested her sister to tell her the name of the person to whom she had delivered the child, but her sister refused to do so. On subsequent occasions she also refused to do so. The petition was filed in the Probate Court on February 3, 1945, and notice thereof was sent to the division of child guardianship which notified the respondent, who went to that department accompanied by her husband, John W. Raspperry, to whom she had been married on July 21, 1945, and voiced her objection to the adoption. She then consulted an attorney who appeared in her behalf and objected to the allowance of the petition. The respondent and her husband plan to move from a furnished room in Boston to her parents' home in Framing-

ham where they and the child will be welcome. The judge further found that the written consent of the respondent to the adoption was given voluntarily by the respondent to whom the force and effect of the consent and of the proposed adoption were explained by counsel for the petitioners, that the petitioners are excellent people and in every way proper persons to bring up the child, and that they have had the child since June 16, 1944, and have molded their manners of living to care for the child. The judge also found that the respondent had not known the names and addresses of the petitioners or in what court the petition was filed until she consulted an attorney on August 1, 1945, that the respondent and her husband are excellent people and in every way proper persons to bring up the child, whom they are ready and willing to adopt, and that "it is for the best interest of the child to be brought up by . . . [the respondent]."

Relying upon the findings of the judge that the respondent had originally assented in writing to the allowance of the petition, that her consent was given voluntarily and with full knowledge of the effect of her consent and the effects of adoption, and that the petitioners are proper persons to bring up the child, the petitioners argue in substance that the respondent's consent to the petition was binding upon her and irrevocable and that the judge was without authority to dismiss the petition. The consent of the respondent to the petition, however, was not binding upon the judge. There is nothing to the contrary in *Wyness* v. *Crowley*, 292 Mass. 461, relied on by the petitioners. It was the duty of the judge to be guided by the established principles governing the disposition of petitions for adoptions, the most fundamental of which is that the paramount issue is the welfare of the child. *Richards* v. *Forrest*, 278 Mass. 547. *Gordon* v. *Gordon*, 317 Mass. 471. *Stinson* v. *Meegan*, 318 Mass. 459, S. C. 319 Mass. 682. That question the judge has resolved in specific terms in favor of the respondent upon findings before set forth which support his decision.

*Decree affirmed.*