KARL KALIKA & another vs. BARBARA MUNRO.

Suffolk.   December 7, 1948. — December 30, 1948.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Adoption.   Probate Court, Stipulation.*

A mother, who, voluntarily and with full understanding of the legal
effect of an adoption, had placed her written consent upon a petition
for the adoption of her child, could not withdraw such consent without
approval by the Probate Court; and a decree granting the petition
notwithstanding her appearance in opposition thereto disclosed no
error.

PETITION, filed in the Probate Court for the county of
Suffolk on September 16, 1946, for adoption.

The case was heard by *Dillon*, J.

*G. E. Bruen*, for the respondent.

*W. Powers*, (*A. F. York* with him,) for the petitioners.

LUMMUS, J.   On August 25, 1946, a male child was born
to the respondent Barbara Munro.   She was the only per-
son whose consent was required to the adoption of the child,
under G. L. (Ter. Ed.) c. 210, § 2.   On August 30, 1946, the
petitioners brought a petition to the Probate Court for the
adoption of the child, and the respondent placed her written
and signed consent upon the petition.   But Barbara Munro
appeared in the case.   On September 26, 1947, the adoption
was granted.   On October 14, 1947, the respondent Barbara
Munro appealed to this court.   The judge found that she
signed her consent to the petition "in full possession of all
her faculties and without threats, coercion or influence
being brought to bear on her, and that her consent was
voluntary, and in full recognition of the legal effect of the
adoption."

It may be conceded that the respondent could have been
allowed by the judge to withdraw or revoke her written
consent.   *Erickson* v. *Raspperry*, 320 Mass. 333, 335.   This
accords with the principle that a court may vacate a stipu-
lation of the parties whenever it does not tend to the doing

of justice. *Symmes Arlington Hospital, Inc.* v. *Arlington,* 292 Mass. 162, 165. *Malone* v. *Bianchi,* 318 Mass. 179, 182, 183. *Loring* v. *Mercier,* 318 Mass. 599, 601. But a party may not disregard a stipulation given by him, nor can he revoke or escape from it at his will. His consent, once made a part of the record, binds him until he is relieved from it by judicial action. *Wyness* v. *Crowley,* 292 Mass. 461. *Loring* v. *Mercier,* 318 Mass. 599, 600. There was no error in proceeding upon the written consent to a decree for adoption, notwithstanding the appearance of the respondent in opposition to the entry of such a decree.

*Decree affirmed.*