EARL T. HARPER, trustee, *vs.* SARAH HARPER & others.

Worcester.    April 30, 1952. — May 29, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Probate Court,* Judicial discretion.    *Trust,* Use of principal.

Facts found by a judge of probate disclosed no error nor abuse of discretion in his disregard of a withdrawal by the widow of a testator of a written request for a payment to her, to which she was entitled upon such a request, from the principal of a trust established under her husband's will, or in a decree dismissing her petition to revoke a decree directing such payment by the trustee, or in a decree authoriz-

ing the trustee to raise the sum requested by selling all the trust's shares in a corporation, comprising the entire trust estate and a minority interest in the corporation, to the corporation for a fair and reasonable price, although the retirement of such shares would change an interest which the trustee individually had in the corporation from a minority to a majority interest.

PETITIONS, filed in the Probate Court for the county of Worcester on February 10, 1950, and February 15, 1951, respectively, by the trustee under the will of Joseph Harper, late of Worcester, for instructions respecting a payment of principal to Sarah Harper, and for authority to sell certain stock of the trust; also a

PETITION, filed in the same court on June 4, 1951, by Sarah Harper and her conservator for revocation of the decree entered on the trustee's earlier petition.

From decrees entered by *Wahlstrom*, J., on the trustee's later petition and on the petition for revocation, the conservator and certain beneficiaries of the trust appealed.

In this court the cases were submitted on briefs.

*Jacob Y. Young*, for Halstead and others.

*Harold H. Hartwell & John F. Driscoll*, for Joseph Harper.

*John W. Fellows*, for Earl T. Harper.

LUMMUS, J. Joseph Harper of Worcester died on August 20, 1946, leaving a widow, Sarah Harper, and seven children, Earl T. Harper, Joseph Harper, Junior, Roscoe J. Harper, Roy L. Harper, Florence H. Tucker, Eva H. Estabrook, and Margaret H. Russell. By his will, which was allowed on September 17, 1946, he gave all his property to his wife Sarah and his son Earl T., as trustees, to pay the income to Sarah during her life and at her death to divide the trust fund among the children as provided in the will. Sarah and Earl T. were appointed executors. Substantially the whole estate consisted of 396 shares of the stock of Parker & Harper Manufacturing Company, inventoried at $59,400. The widow, Sarah, contributed to the estate $53,150.49, so that the shares in the corporation were freed from liability for debts and expenses, and were turned over to the trustees, who then held the shares as the entire trust estate at an in-

ventory valuation of $59,400. The trustees had power under the will to change investments and to sell any property of the trust, but that does not prevent a decree for sale. G. L. (Ter. Ed.) c. 203, § 16, as amended.

The will contained a provision that "The trustees are authorized from time to time to pay portions of the principal for the comfort and support of my wife and they shall upon written request of my wife pay to her such portion of the principal as she may request." On February 8, 1950, the widow Sarah delivered to her cotrustee Earl T. a written request to be paid $53,150.49. On January 12, 1950, Margaret H. Halstead (apparently the same daughter hereinbefore named as Margaret H. Russell) was appointed conservator of the property of Sarah, apparently because of her advanced age, and on October 11, 1950, Sarah, by the conservator, resigned as trustee and her resignation was accepted.

On February 10, 1950, Earl T. Harper as trustee prayed the instructions of the court with respect to compliance with the request of the widow Sarah and the raising of money with which to pay her. By the will, the testator's interest in the corporation was to be divided at the death of his widow among the six children of the testator, excluding Earl T. Harper.

On December 18, 1950, Earl T. Harper as trustee was ordered to pay to the widow Sarah the sum of $53,150.49 and to raise that sum by sale of so much of the corporate stock as might be necessary. No appeal was taken from that decree. On February 15, 1951, Earl T. Harper as trustee represented that he was unable to sell said stock, which was a minority interest, but that he could sell the stock to the corporation on instalments, and prayed authority to do so. On June 12, 1951, a decree of the Probate Court authorized him to sell 25 shares at $150 a share to the corporation, and 5 shares more each month until all 396 shares should have been sold. But on June 4, 1951, Sarah and her conservator Margaret H. Halstead had joined in a withdrawal of the written request of February 8, 1950,

for the payment of $53,150.49, and filed a petition for the revocation of the decree of December 18, 1950, ordering payment thereof. But on June 12, 1951, the Probate Court dismissed that petition.

On June 15, 1951, four of the children appealed from the decrees of June 12, 1951.

Upon request for a report of material facts, under G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3, the judge found material facts, the salient ones being in substance as follows. Sarah Harper, the widow, is eighty-three years old and very feeble. The offer by the corporation to buy the stock at $150 a share was fair and reasonable. Earl T. Harper, now a minority stockholder, will have the majority interest when the stock held by the estate is transferred to the corporation and thus retired. The judge had authority even to permit the trustee to become the purchaser. St. 1934, c. 157, § 2, amending G. L. (Ter. Ed.) c. 203, § 16.

The only evidence reported consisted wholly of the statements of counsel, which when uncontradicted may be taken as evidence. *Dwyer* v. *Dwyer*, 239 Mass. 188, 190. *Cook* v. *Mosher*, 243 Mass. 149, 152. *Boucher* v. *Hamilton Manuf. Co.* 259 Mass. 259, 267. *Kelley* v. *Peters*, 299 Mass. 166, 168. *Assessors of Boston* v. *World Wide Broadcasting Foundation of Massachusetts, Inc.* 317 Mass. 598, 602. *Laws* v. *Aschenbeck*, 326 Mass. 7, 11.

In *Wyness* v. *Crowley*, 292 Mass. 461, a mother who had consented to the adoption of her child attempted to withdraw her consent before the decree of adoption was entered, and appealed from the decree allowing the adoption. This court affirmed the decree, holding that the judge was not required to give effect to the withdrawal. In accord are *Loring* v. *Mercier*, 318 Mass. 599, and *Kalika* v. *Munro*, 323 Mass. 542. In the present case, the judge, in his discretion, might act upon Sarah's request as he did. His exercise of discretion will be given considerable weight on appeal. *Morin* v. *Morin*, 328 Mass. 33, 34. The decrees which he entered appear to involve no financial loss to any-

one interested, and conform to the desires of some of the remaindermen. In our opinion there was no error in entering them.

*Decrees affirmed.*