PAUL M. SWIFT, executor, *vs.* FREDERICK G. HISCOCK.

Barnstable. May 9, 1962. — July 5, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Executor and Administrator*, Accounts, Compensation, Attorney. *Probate Court*, Accounts, Stipulation, Appeal, Judicial discretion. *Attorney at Law.*

An assent to an executor's account given voluntarily and with full knowledge of the facts may not be withdrawn as of right prior to the allowance of the account, but only by leave of the Probate Court granted in the exercise of its discretion. [693]

The exercise of discretion by a Probate Court in denying a petition by a beneficiary under a will for leave to withdraw his assent to the executor's account prior to its allowance was open to review by this court upon appeals from the denial and from a decree allowing the account. [693–694]

In the circumstances, a beneficiary of the bulk of a testator's estate, after assenting to the executor's account voluntarily and with full knowledge of the facts, ought to have been given leave by the Probate Court, before allowance of the account, to withdraw his assent for the purpose of contesting the amounts of the executor's and an attorney's fees, where no great time elapsed between the assent and the beneficiary's seeking the leave to withdraw it, the fees in question were large in comparison with the size of the estate, and no prejudice to the executor or anyone else through a withdrawal of the assent appeared. [694]

PETITIONS filed in the Probate Court for the county of Barnstable on October 14, 1960, for allowance of accounts of the executor of the will of Richard F. Terry, late of Chatham.

A petition by Frederick G. Hiscock for leave to withdraw his assent to the accounts was denied, and the accounts were allowed, by decrees of *Sparrow*, J. Hiscock appealed.

*Justin G. Cavanaugh* for Hiscock.

*George M. Poland* (*Ella M. Dolan* with him) for the executor.

SPALDING, J. These are two appeals, one from the denial of a petition to withdraw an assent to an executor's accounts, and one from the allowance, without a hearing, of the executor's accounts as filed. In the appeal from the denial of the petition, evidence taken at the hearing is reported, and the judge made a report of material facts. Although a report of material facts was requested with respect to the allowance of the accounts, the judge made no findings for the reason that "since there was no other objection to their allowance [if the assent was binding], no testimony was taken regarding the allowance of the accounts."

Richard F. Terry (hereinafter referred to as the testator) died on December 21, 1955, and his will was allowed on January 24, 1956. Frederick G. Hiscock, a business partner of the testator, was bequeathed the bulk of the estate ($100,000 and three parcels of real estate). The inventory, filed on July 5, 1956, showed a personal estate totaling $87,041.42 and real estate valued at $54,000. The will named Mr. Paul M. Swift, a friend of both the testator and Hiscock, as executor.

In 1957, Hiscock learned that Mr. Swift intended to charge $10,000 for his fee as executor and $5,000 for an attorney's fee.[1] Hiscock testified, and the judge so found, that he objected to these fees in 1957 "and on other occasions during the next two or three years."

---

[1] Hiscock was not informed who the attorney would be. He learned later that it was Mr. Swift's son, William Swift.

The first account, for the period of January 24, 1956, to May 24, 1957, made no reference to attorney's or executor's fees, and it was assented to on October 13, 1960, and filed on October 14. Hiscock at that time also assented to the second and final account which showed the charges for executor's and attorney's fees. This account was filed October 14, 1960, with a return date of November 9, 1960.

There was conflicting testimony as to whether Hiscock had seen a copy of the final account prior to the time he assented to it. The judge found that Hiscock had a copy of that account at least five days prior to October 13, 1960.

Counsel for Hiscock filed an appearance and objection to the account on October 31, 1960, nine days before the return day, and on July 14, 1961, the date set for hearing, he filed a petition in which he requested "leave to withdraw his . . . assents to the said accounts and that the executor as accountant be ordered to prove the same."

After hearing, the judge found that Hiscock "voluntarily assented to both accounts after having seen copies of them and having full knowledge of their contents," and denied the petition to withdraw the assents. We cannot say that the finding as to the voluntariness of the assent was plainly wrong.

We pass now to the question of whether an assent to an executor's accounting, once voluntarily given and with full knowledge of the facts, may be withdrawn prior to the allowance of the account. We are of opinion that it may not be withdrawn as of right. An assent to an account is tantamount to a stipulation. A "party may not disregard a stipulation given by him, nor can he revoke or escape from it at his will." *Kalika* v. *Munro,* 323 Mass. 542, 543. *Wyness* v. *Crowley,* 292 Mass. 461. But a court may vacate a stipulation "if it is deemed improvident or not conducive to justice." *Loring* v. *Mercier,* 318 Mass. 599, 601. Whether an assent may be vacated is a matter within the discretion of the trial judge. The present appeals are from the Probate Court. As to such appeals this court has "like powers and authority in respect thereto as upon an appeal

in a suit in equity under the general equity jurisdiction.'' G. L. c. 215, § 9. *Old Colony Trust Co.* v. *Yonge,* 302 Mass. 49, 50. *La Raia* v. *La Raia,* 329 Mass. 92, 93. In equity, questions of discretion are open on appeal. Even though the basis for the action appears fully in the record on appeal, some weight should be given to the exercise of discretion by the court below. *Long* v. *George,* 296 Mass. 574, 579. *Coe* v. *Coe,* 313 Mass. 232, 235.

With the foregoing principles in mind, we are of opinion that the judge ought to have permitted the petitioner to withdraw his assent. There was no substantial lapse of time between the assent and its proposed withdrawal; nor is it shown that the executor or anyone else had changed position (by continued administration of the estate or otherwise) or would have been prejudiced if the assent were withdrawn. Compare *Wyness* v. *Crowley,* 292 Mass. 461, 464; *Kelley* v. *Peters,* 299 Mass. 166, 171; *Kalika* v. *Munro,* 323 Mass. 542. The matters which Hiscock desired to litigate, the amounts of the executor's and attorney's fees, were meritorious. ''A meritorious case means one that is worthy of presentation to a court, not one which is sure of success.'' *General Motors Corp., petitioner, ante,* 481. The amounts of the executor's and attorney's fees ($15,000 in an estate where the inventory value of the personal property and real estate was about $87,000 and $54,000 respectively), in the absence of evidence showing that unusual or difficult problems were involved, are prima facie excessive. We are of opinion that Hiscock ought, in these circumstances, to have been given an opportunity to contest these charges.

*Decrees reversed.*