Donohue, J.
Plaintiff Paula Laderman (“Laderman”) brought this action for declaratoiy relief as a maker of a promissory note as to the amount due and owing by her to Peoples Heritage Savings Bank (“the Bank”). The Bank filed a counterclaim. This matter is now before the Court on defendant’s motion for reconsideration of the denial of its motion for summary judgment. For reasons set forth below, defendant’s motion for reconsideration is allowed and defendant’s motion for summary judgment is allowed.
*361 BACKGROUND
Viewed in the light most favorable to the nonmoving party, the materials submitted on the summary judgment motion establish the following facts. The underlying obligation is a Conditional Sales Contract (the “Note”) executed by plaintiff on or about February 26, 1988 in the original principal amount of Sixty-Six Thousand Seven Hundred Eighty-Five and 00/100 ($66,785.00) Dollars, which provided for 60 monthly payments in the amount of $1,536.61, the Note bearing interest at an annual percentage rate of 13.5%. As security for the Note, the plaintiff concurrently executed a Security Agreement for a 1988 Peterbilt Truck (S/N IXPFDB9X3JN258770) (the “Truck”).
On or about August 26, 1992 following plaintiffs payment default, the Bank made a demand. In response, plaintiff sought protection through the United States Bankruptcy Court by filing a Chapter 13 petition, Case No. 92-42921-FJQ. This case was dismissed on December 1, 1992, due to Laderman’s failure to file a Chapter 13 Plan of Reorganization or the requisite Schedules of Financial Affairs. With the loan still in default, the Bank attempted to repossess the Truck. In response, Laderman filed a second Chapter 13 Petition on December 4, 1992. In that action, the Bank filed a Proof of Claim as to the Plaintiffs debt. Laderman objected to the Proof of Claim and challenged the amount due.
On or about January 20, 1994, the parties resolved their dispute as to the amount due by executing and filing a Stipulation Regarding Resolution of Claims Dispute (the “Stipulation”). The Stipulation provides, in relevant part, that the “Debtor acknowledges that as of January 13, 1994 she was indebted on her Contract to the Bank in the sum of $18,476.55. The Debtor further acknowledges that she has no offsets, defenses, or counterclaims against the Bank with respect to the Contract obligation.” The Stipulation became a Court Order upon its approval on February 7, 1994.
Since the entry of the Stipulation, the plaintiff made payments in the aggregate amount of $4,616.04 to the Bank and thereafter defaulted. On December 5, 1995 the Bank made demand upon the plaintiff. The plaintiff has failed to repay her obligation due the Bank in accordance with the terms of the Note and the Stipulation as demanded by the Bank. In response to the Bank’s demand, the plaintiff has sought this Court’s intervention to relitigate the amount due. On November 25, 1996, this Court denied the Bank’s motion for summary judgment. The matter is now before the Court on defendant’s motion for reconsideration.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c).
Defendant moves for reconsideration contending that Metropolitan Credit Union, v. Matthes, 46 Mass.App.Ct. 326 (1999), is dispositive on the issue whether the bankruptcy court stipulation is enforceable. In Matthes, the Appeals Court held that the stipulation to withdraw its motion for relief from automatic stay to foreclose was enforceable as a matter oflaw. Matthes, 46 Mass.App.Ct. at 330. “[A] party may not disregard a stipulation given by him nor can he revoke or escape from it at his will. His consent once made a part of the record, binds him until he is relieved from it by judicial action.” Matthes, 46 Mass.App.Ct. at 331, quoting Kalik v. Munro, 323 Mass. 542, 543 (1948). “(FJailure to enforce agreements such as the one at issue here ‘would negate the purpose for settlements. Parties would not settle cases if the matters at issue were not intended to fully and completely settle the merits of the controversy.’ ” Matthes, 46 Mass.App.Ct. at 332.
In the case at bar, the parties entered into a stipulation in the United States Bankruptcy Court where the Bank agreed to withdraw its motion for relief from the automatic stay to foreclose on the Peterbilt truck. The stipulation provided, in writing, that Laderman acknowledged that as of “January 13, 1994 she was indebted on her Contract to the Bank in the sum of $18,476.55.” Laderman further agreed to repay her debt in eleven monthly installments of $1,536.36 and one final payment of $1,576.59. Payments were to begin on January 26, 1994 and were to be paid directly to the Bank. Since the entry of the stipulation, plaintiff made payments in the amount of $4,616.04 to the Bank and thereafter defaulted. On December 5,1995 the Bank made demand upon the plaintiff. Plaintiff has failed to repay her obligation due the Bank in accordance with the stipulation and as demanded by the Bank. In response to the Bank’s demand, plaintiff sought declaratory relief from this Court. On November 25, 1996, this Court denied the Bank’s motion for summary judgment.
Here, the parties entered into a written stipulation which was docketed and entered as an order on February 7, 1994. Upon further consideration, and in light of the recent holding of Metropolitan Credit Union v. Matthes, 46 Mass.App.Ct. 326 (1999), this Court rules that plaintiff is bound by the agreement. Therefore, defendant is entitled to judgment as a matter of law on the basis of the stipulation.
ORDER
Based upon the foregoing, it is hereby ORDERED that defendant’s motion for reconsideration of the denial of its motion for summary judgment is ALLOWED. The parties are further ORDERED to schedule a hearing for an assessment of damages so that any payments, interest, and costs of collection may be determined.