Brady, J.
On January 8, 1993, Linda G. McLean-Jenner (“the decedent”) was murdered by her ex-husband while she was working as a nurse at the Beverly Manor of Plymouth Nursing Home (“the Nursing Home”) in Plymouth, Massachusetts. In December 1994, William R. McLean, administrator of the decedent’s estate (“the plaintiff’), filed a claim with the Department of Industrial Accidents (“DIA”) for workers’ compensation benefits pursuant to G.L.c. 152 (“Workers’ Compensation Statute”). On December 28, 1998, the DIA Reviewing Board issued a decision vacating a prior DIA award of compensation to the decedent’s dependents. Citing Sections 26, 28, and 31 of the Workers’ Compensation Statute, the Reviewing Board determined that the decedent’s murder did not arise out ofher employment at the Nursing Home, and as such, the decedent’s dependents were not entitled to compensation for her death from the DIA.
Before the denial of the plaintiffs workers’ compensation claim, the plaintiff filed a wrongful death action pursuant to G.L.c. 229, §2 (“Wrongful Death Statute”) on August 25, 1995 in the Plymouth Superior Court against the defendants, Robert M. Platt and Lawrence Lencz, as Partners in Harborside Associates Limited Partnership (“Harborside”), and Beverly California Corporation d/b/a Beverly Manor of Plymouth (“Beverly California”).[3] On November 13, 1995, the plaintiff amended its complaint to add Beverly Enterprises-Massachusetts, Inc. (“Beverly Massachusetts”), the business entity that had actual and exclusive control of the Nursing Home where the decedent worked at the time ofher death. On September 26,1999, the plaintiff withdrew without prejudice its claims against the defendants Harborside and Beverly California.
In a joint pre-trial memorandum filed on December 14, 2000, the parties stipulated that at the time ofher death, the decedent was employed by Beverly Massachusetts. The plaintiff now moves this Court to vacate that stipulation. In addition, the plaintiff and defendant also move for partial summary judgment on the plaintiffs claims brought pursuant to G.L.c. 229, §2.
DISCUSSION
I. Plaintiffs Motion to Vacate Stipulation
As grounds for its motion to vacate the stipulation, the plaintiff contends that there is a genuine issue of fact as to the decedent’s actual employer on the date of her death. The plaintiff contends that it was induced and misled into making the stipulation based on Beverly Massachusetts’s representation that it was the entity that had actual and exclusive control of the Nursing Home where the decedent worked.[4] The plaintiff asks this Court to vacate the stipulation and to provide the plaintiff with additional time to conduct further discovery regarding the decedent’s actual employer.
A court may vacate a stipulation if it is deemed “improvident or not conducive to justice.” Swift v. Hiscock, 344 Mass. 691, 693 (1962). The plaintiff has alleged since the beginning of the present lawsuit and its workers’ compensation action that Beverly Massachusetts was the decedent’s employer. The plaintiff added Beverly Massachusetts as a defendant in its November 1995 amended complaint and voluntarily dismissed the original defendants over two years ago. One of the central issues in both the present case and the plaintiffs workers’ compensation action was and has been the existence of an employment relationship between Beverly Massachusetts and the decedent. In fact, throughout both actions, the plaintiff has specifically alleged that Beverly Massachusetts owed the decedent a special duty of care as a result of the “special relationship” between them as “employer” and “employee.”
A review of the pleadings, motions, and pre-trial memorandum, in which the plaintiff makes its stipulation, reveals that the plaintiff has conducted extensive research and trial preparation in support of its claim of an employer-employee relationship between Beverly Massachusetts and the decedent. Based on the history of the plaintiffs claims and the litigation *708 surrounding them, it cannot be fairly said that the plaintiffs stipulation was improvidently made. Further, contrary to the plaintiffs arguments, it would not be conducive to justice to allow the plaintiff to change its claims and theories of liability and request further discovery more than six years after filing its lawsuit and less than a month before trial. Therefore, the plaintiffs motion to vacate the stipulation must be denied.
II. Plaintiffs and Defendant’s Cross Motions for Partial Summary Judgment
The plaintiff brought the present action pursuant to Section 2 of the Wrongful Death Statute, which provides in part:
A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted . . . shall be liable in damages . . . except that (1) the liability of an employer to a person in his employment shall not be governed by this section
G.L.c. 229, §2 (emphasis added). In moving for partial summary judgment, Beverly Massachusetts contends that the plaintiffs wrongful death claim may not properly be brought under Section 2. Specifically, Beverly Massachusetts contends that the plaintiffs claim falls within the exception clause to Section 2 since the decedent was in its employment at the time of her death, and therefore, recovery of damages may only be sought under Sections 2B,[5] 6C[6] and/or 6E[7] of the Wrongful Death Statute.[8] In its opposition and cross motion for partial summary judgment, the plaintiff claims that the words “in his employment” contained in the exception clause in Section 2 are equivalent to the words “arising out of and in the course of his employment” used in Section 26 of the Workers’ Compensation Statute. The plaintiff contends that because the DIA already determined that the decedent’s death did not arise from her employment with Beverly Massachusetts, the decedent’s death cannot have been “in its employment” for purposes of excepting the plaintiff from recovery for wrongful death under Section 2. The plaintiff alleges that if this were true, the decedent’s dependents would be without any mechanism for recovery or compensation for her death.
The issue before this Court is one of statutory interpretation. This Court must construe the statute in question as written and must interpret the words “in his employment” from Section 2 of the Wrongful Death Statute based on their plain meaning. Acme Plastering Co. v. Boston Hous. Auth., 21 Mass.App.Ct. 669, 675 (1986). Based on the plain language of the statute, the legislature specifically excepted from application of Section 2 those cases where an employer may be liable for the death of a person “in his employment.” Under the familiar rules of statutory interpretation, this Court must presume that if the legislature intended to limit application of the exception clause to deaths “arising out of’ employment, it would have done so within the language of the Section. Further, as Beverly Massachusetts points out, any other reading of the statute would render Sections 2B and 6 a complete nullity. It is Sections 2B and 6 of the Wrongful Death Statute, not Section 2, that, if applicable, provide the decedent’s dependents with a mechanism for recovery or compensation for her death.
Section 68 of the Workers’ Compensation Statute offers additional support for this Court’s interpretation of Section 2 of the Wrongful Death Statute. Section 68 provides in pertinent part:
. . . sections two B and six C to six F, inclusive, of chapter two hundred and twenty-nine shall not apply to employees of an insured person . . . who are entitled to the benefits provided by said sections, which this chapter is applicable thereto.
G.L.c. 152, §68. Section 68 precludes any civil action for wrongful death of an employee who is subject to the provisions of the workers’ compensation laws. When read in conjunction with G.L.c. 152, §68, Section 2 of the Wrongful Death Statute provides that persons not entitled to benefits under the workers’ compensation laws may recover from employers under Sections 2B and 6 when the employers are liable for the deaths of their employees that occur in their employment. The statutory scheme, including both the Wrongful Death and Workers’ Compensation Statutes, is consistent and harmonious in allowing exclusive recovery under only the one applicable statute. Vining Disposal Serv., Inc. v. Board of Selectmen of Wesfford, 416 Mass. 35, 38 (1993); Peerless Ins. Co. v. Hartford Ins. Co., 48 Mass.App.Ct. 551, 555 (2000).
In the present case, the parties have stipulated that at the time of the decedent’s death Beverly Massachusetts was her employer. It is undisputed that the decedent was murdered while she was at work. Accordingly, the decedent may fairly be said to have been in Beverly Massachusetts’s employment at the time of her death, even though her death did not arise from that employment. Based on the plain language of the statute, the plaintiffs claim falls within the exception clause of Section 2 of the Wrongful Death Statute and may not be brought properly thereunder. Partial summary judgment is therefore appropriate in favor of Beverly Massachusetts on the plaintiffs claims brought pursuant to G.L.c. 229, §2.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to vacate stipulation be DENIED. It is further ORDERED that the defendant’s motion for partial summary judgment on the plaintiffs claims brought pursuant to G.L.c. 229, §2 be ALLOWED and the plaintiff s motion for partial summary judgment be DENIED.

In Its original complaint, the plaintiff alleged that Beverly California was the corporate entity that owned, operated, controlled, staffed, and managed the nursing home, and Harborside was the corporate entity that owned and controlled the building and real estate from which Beverly California operated the nursing home.

In a letter dated May 13, 1999, Beverly Massachusetts stipulated that it was the entity that operated, managed, and had exclusive control over the Nursing Home premises and that it was responsible for any security measures at the Nursing Home in January 1993.

Section 2B provides in part: “Except as otherwise provided in chapter one hundred and fifty-two, if, as the result of the negligence of an employer himself, or of a person for whose negligence an employer is liable ... an employee is instantly killed, or dies without conscious suffering, the surviving wife or husband of the deceased or, if there is no wife or husband surviving, the next of kin, who, at the time of such death, were dependent upon the wages of the deceased for support, shall have a right of action for damages against the employer . .

Section 6C provides in part: "Except as otherwise provided in chapter one hundred and fifty-two. If a cause of action exists against an employer . . . because of the negligence of the employer himself, for an injury resulting in death which is not instantaneous or is preceded by conscious suffering, if there is any person who would have been entitled to bring an action under section two B, the legal representatives of the deceased may . . . recover damages both for the injury and for the death, and, if the employer is also liable at common law, may in a separate count in the same action recover damages for conscious suffering resulting from the same injury.”

Section 6E provides in part: “If under section two B or section six C damages are awarded for death or for injury and death, they shall be assessed with reference to the degree of culpability of the employer or of the person for whose negligence the employer is liable. The amount of damages which may be awarded in an action brought under section two B shall not be less than two thousand nor more than twenty thousand dollars.”

The distinction between claims brought under the Wrongful Death statute pursuant to Section 2 versus Sections 2B and 6 Is the applicable measure of damages. The measure of damages for claims brought pursuant to Section 2 is set forth within the text of that section, whereas the measure of damages for claims brought pursuant to Sections 2B and 6 is limited within the text of Section 6E.