Agnes, A. J.
In their two-count complaint, the plaintiffs allege breach of contract and intentional infliction of emotional distress. The suit arises out of a transaction in which the plaintiffs allege that the defendant accepted their offer to purchase residential real estate and unlawfully retained a $19,000 deposit. At a hearing held before this court (McCann, J.) on July 15, 2003, an order was entered as follows: “This court finds and Counsel for both parties have so stipulated that there is no binding agreement between Soltys and Mole which would require the conveyance of the property from Mole to Soltys. Mole shall forthwith direct any person holding any money originally tendered monies (sic) to be returned to Soltys.” There is no dispute that the total deposit paid by the plaintiffs ($19,000) has been returned to them. There are no material facts in dispute.
1. As to the breach of contract count, the stipulation and order preclude recovery by the plaintiff. The sole subject of the offer made by the plaintiffs was the purchase of a particular piece of real estate owned by the defendant. Absent a binding agreement, there is no basis for any recovery on a contract theory merely as a result of the existence of a written offer to purchase real estate even if accompanied by a payment. The plaintiffs argue that the court’s order and stipulation were not intended to foreclose relief under count one. However, there is no other reasonable interpretation of the stipulation and order. The plaintiffs have not offered any evidence to support the view that they should be relieved of the effects of their stipulation. See Loring u. Mercier, 318 Mass. 599, 601 (1945).
2. As to the intentional infliction of emotional distress count, it must be noted that to prevail on her claim for intentional infliction of emotional distress, the plaintiff must establish that “(1) the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct, ... (2) the defendant’s conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community, (3) the actions of the defendant were the cause of the plaintiffs distress, and (4) the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.” Payton v. Abbott Labs, 386 Mass. 540, 555 (1982), citing Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976). As a matter of law, the defendant’s decision to insist on the execution of a release by the plaintiffs before returning the $19,000 deposit was not conduct that reasonable persons could regard as “extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.” Counsel for the plaintiffs could not point to any cases to the contrary.
For the above reasons, the defendant’s motion for summary judgment is ALLOWED.