The defendant, Manuel C. Barros, appeals from those portions of an amended judgment entered in the Superior Court requiring him to pay damages to plaintiffs Mark Greenberg and Michael LaPierre in the amount of $95,000 plus interest, and $8,703.20 in attorney's fees and costs. We affirm.
Background. In 2014, Barros appealed from the entry of summary judgment for the plaintiffs. In an unpublished memorandum and order issued pursuant to our rule 1:28 on February 12, 2016,[3] a panel of this court affirmed the judgment in all respects but one: the panel vacated the portion of the judgment that required Barros to pay $173,000 plus interest to Greenberg and LaPierre based on Barros's failure to pay off a loan in that amount from one Thomas Hawley, secured by a mortgage on the property where the plaintiff tennis club is situated (together referred to as the Hawley mortgage). Accepting Barros's argument that the plaintiffs had failed to demonstrate quantifiable damages from Barros's failure to discharge the Hawley mortgage, the panel remanded the case for further proceedings to determine the amount of the plaintiffs' damages.
A few months later, on August 3, 2016, the plaintiffs paid $95,000 to the Hawley estate to discharge the mortgage, and on November 30, 2016, the parties filed a joint submission in the Superior Court in which they stated that "the parties agree that the issue of damages remanded to this Court is now settled, and that that portion of the judgment should enter in the amount of $95,000," plus twelve per cent interest from August 16, 2016.
Within two weeks, however, Barros had a change of heart and filed a motion to revoke the joint submission. In his motion he claimed for the first time, and contrary to his repeated representations both prior to and throughout the course of this litigation,[4] that his obligation to Hawley had been in default since August, 2007, and had been unenforceable since August, 2013, barred by the six-year statute of limitations applicable to commercial instruments, G. L. c. 106, § 3-118(a ). Barros asserted that LaPierre and Greenberg "were not damaged by [Barros's] non-payment" of the Hawley mortgage and "should not have paid this money" to discharge it. On this basis, he argued that he should be relieved from the joint submission on the ground of mutual mistake. A Superior Court judge rejected this gambit and ordered, in pertinent part, that judgment enter in favor of Greenberg and LaPierre in the agreed-upon amount of $95,000, plus interest and attorney's fees and costs.
Barros appeals, pressing the same grounds he asserted in his motion to revoke the joint submission.
Discussion. 1. Relief from joint submission. As a general matter, parties are held to their stipulations. See Stuart v. Brookline, 412 Mass. 251, 254-255 (1992) ; New England Legal Foundation v. Boston, 423 Mass. 602, 609 n.7 (1996). A court "may vacate a stipulation made by the parties if it is deemed improvident or not conducive to justice." Loring v. Mercier, 318 Mass. 599, 601 (1945). See Anastos v. Sable, 443 Mass. 146, 153 (2004) ; Gore v. Daniel O'Connell's Sons, Inc., 17 Mass. App. Ct. 645, 649 (1984). We review a judge's decision whether to vacate a stipulation for abuse of discretion. See Commonwealth v. Buswell, 468 Mass. 92, 104 (2014).
We discern no abuse of discretion. As the judge concluded, relieving Barros of his agreement to the joint submission, after he had consistently maintained that the Hawley mortgage was enforceable, would be contrary to justice. Relying on Barros's representations, LaPierre and Greenberg paid $95,000 to discharge the Hawley mortgage-not incidentally, their payment relieved Barros of any obligation going forward. "Obviously, at the time [Barros] entered into the agreement, [he] did not view [it] as inimical to [his] interests or unjust." Stuart, supra at 254. See Anastos v. Sable, supra ("A stipulation made through negotiation and consistently maintained through litigation should not be set aside as improvident").
Nor did the judge err or abuse his discretion in rejecting Barros's claim of mutual mistake. A party seeking rescission of a written agreement on this ground "must prove the mistake by 'full, clear, and decisive proof.' " Hingham Mut. Fire Ins. Co. v. Mercurio, 71 Mass. App. Ct. 21, 27 (2008), quoting from Polaroid Corp. v. Travelers Indem. Co., 414 Mass. 747, 756 (1993). "Relief is only appropriate in situations where a mistake of both parties has such a material effect on the agreed exchange of performances as to upset the very basis for the contract." Shawmut-Canton LLC v. Great Spring Waters of America, Inc., 62 Mass. App. Ct. 330, 337 (2004), quoting from Restatement (Second) of Contracts § 152 comment a (1981).
Here, the basis for the joint submission was the fact that the plaintiffs had liquidated the damages attributable to making a payment. The parties stipulated to the plaintiffs' uncontested out-of-pocket costs, which represented a substantial savings for Barros. The late-raised, speculative defense to the underlying obligation did not upset the mutual understanding underlying the joint submission.
Moreover, "even [if Barros] had provided clear and convincing evidence of a mutual mistake, reformation need not necessarily be awarded." Hingham Mut. Fire Ins. Co., supra. A judge may withhold the equitable remedy of reformation on equitable grounds. Ibid. In denying relief, the judge pointed to the "undisputed fact" of the plaintiffs' payment, Barros's attempt "to second guess those damages by arguing" what "creative counsel" might have done, as well as the doctrines of waiver and estoppel.[5] As we have said in the context of a late motion to amend the pleadings, "[a]mong the good reasons ... for which a motion to amend may be denied are that no justification for the lateness of the motion is apparent (beyond counsel for the moving party having had a late dawning idea) and that one or more of the nonmoving parties would be caught off balance by the proffered amendment." DiVenuti v. Reardon, 37 Mass. App. Ct. 73, 77 (1994). The judge did not abuse his discretion in rejecting Barros's attempt to evade his liability.
Attorney's fees. Barros argues that the plaintiffs are not entitled to attorney's fees and costs because they should not have paid off the Hawley mortgage and should not have opposed his motion to revoke the joint submissions. We reject these arguments for the same reasons that we conclude there was no abuse of discretion in the denial of the motion to revoke. Barros makes no claim regarding the reasonableness of the fees and costs award. See WHTR Real Estate Ltd. Partnership v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 235-237 (2005). We therefore affirm the award of fees and costs.
Further, the plaintiffs have properly requested in their brief, see Yorke Mgmt. v. Castro, 406 Mass. 17, 20 (1989), that they be awarded attorney's fees and costs with respect to this appeal, both under § 7.6 of the securities purchase agreement and under Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979). We need not reach the question whether Barros's appeal is frivolous because we conclude that the plaintiffs are entitled to attorney's fees under the agreement. Accordingly, the plaintiffs may submit a petition for appellate attorney's fees, accompanied by appropriate supporting documentation, within fourteen days of the date of the rescript. Barros shall have fourteen days thereafter to file any opposition. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).
Amended judgment entered June 2, 2017, affirmed.

Bass River Tennis Corp. v. Barros, 89 Mass. App. Ct. 1105 (2016).

The Superior Court judge granted summary judgment to the plaintiffs with respect to the Hawley mortgage on the ground that Barros had breached the securities purchase agreement by falsely representing at the closing, in December, 2010, that the Hawley mortgage had a zero balance. Barros testified at his deposition in 2014 that the Hawley mortgage was "not in default." In his submissions to this court in the prior appeal he argued successfully that "[r]equiring Barros to pay $173,000 to Greenberg and LaPierre when he would still be liable to Hawley on the Hawley Note is simply a penalty that is not justified by any principle of contract law," and that the award would allow the plaintiffs to "pocket the damages and leave Barros to bear the full brunt of any foreclosure action Hawley might bring."

If, as Barros now claims, his obligation to Hawley had become unenforceable, nothing prevented Barros from bringing his own declaratory judgment action to establish that fact-an action that the plaintiffs may not have had standing to bring. Moreover, Barros points to no authority requiring a party to undertake the expense, time, and uncertainty of litigation to mitigate damages.